THE STATE v. McGLOTHLEN.

1. **Evidence:** PROCEEDING IN BASTARDY: DEGREE OF PROOF. In a proceeding in bastardy, under section 4720 of the Code, a defendant may be found guilty upon the unsupported evidence of the prosecutrix.

2. ——: ——: ——. Such an action is triable by ordinary proceedings and a preponderance of evidence, only, is necessary to a conviction.

*Appeal from Monroe District Court.*

WEDNESDAY, OCTOBER 4.

THE following complaint was filed in said court:

"THE STATE OF IOWA,
          v.                    } *Complaint in Bastardy.*
JACOB L. McGLOTHLEN.

In the District Court of the State of Iowa, in and for Monroe county. I, Amanda Meeker, an unmarried woman, residing in the county of Monroe, in the State of Iowa, do hereby state and complain that I am now pregnant with a child, which, if born alive, will be a bastard. And I hereby charge and allege that Jacob L. McGlothlen, a resident of Wapello county, Iowa, is the father of said child. And I, the said Amanda Meeker, do on my oath say that the foregoing facts are true.

The defendant pleaded not guilty. Trial by jury, verdict guilty and judgment. The defendant appeals.

*Perry & Townsend,* for appellant.

*Smith McPherson, Attorney General,* for the State.

SEEVERS, J.—I: Counsel for defendant insists there was no evidence tending to show the guilt of the defendant except that of Amanda Meeker, the prosecutrix, and this being so the conviction cannot be sustained. The statute provides in cases of this character "the issue on the trial shall be guilty or not guilty, and shall be tried as an ordinary action." Code, § 4720. An ordinary action is defined to be a civil action at law as distinguished from an equitable proceeding (Code, § 2507), and in such actions no corroboration of a witness, however much he may be interested in the result, is required to enable a party to recover.

*1. EVIDENCE: proceeding in bastardy: degree of proof.*

It is further provided by statute that the defendant in prosecutions for " a rape or for enticing or taking away an unmarried female of previously chaste character for the purpose of prostitution, or aiding or assisting therein, or for seducing and debauching any unmarried female of previously chaste character, cannot be convicted upon the testimony of the person injured unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense.". Code, § 4560. Nor can a conviction be had upon the uncorroborated evidence of an accomplice. Code, § 4559. As it is provided by statute that corroboration is required in other cases and none in this, therefore, because of the statute, we hold a defendant may be convicted in a proceeding of this character upon the uncorroborated evidence of the prosecutrix.

II. The court refused to instruct the jury that they must be satisfied beyond a reasonable doubt the defendant was guilty before they could convict. This is said to be erroneous and *Barton v. Thompson*, 46 Iowa, 30, is relied on. This case has been overruled. *Welch v. Jugenheimer, ante*, 11. This case must be tried as an ordinary action in civil cases; the rule as to reasonable doubts prevailing in criminal cases does not apply, and there may be a conviction upon a preponderance of the evidence.

*2. ——: ——:*

AFFIRMED.