PETER OLSON v. ELLA PETERSON.

[FILED NOVEMBER 5, 1891.]

1. **Bastardy:** DEGREE OF EVIDENCE REQUIRED.    In a prosecu-
tion for bastardy a preponderance of the evidence is sufficient
to justify a conviction, and the defendant may be found guilty
upon the unsupported evidence of the complainant.

2. ——: REVIEW.    *Held,* That there was no error in the charge of
the court, and that the instructions denied were properly re-
fused.

3. ——: EVIDENCE: AN OFFER OF COMPROMISE made by a de-
fendant in a bastardy proceeding, not accepted, is not admissible
in evidence.    The rule does not exclude the admission of partic-
ular facts tending to show guilt.

4. ——: ——: MARRIAGE.    Where the complainant has testified
that she was unmarried at the beginning of the action, it is
proper to prove, on cross-examination, any fact or circumstance
tending to show that she was married when the suit was insti-
tuted.

5. ——: ——.    Testimony that the complainant had sexual in-
tercourse with men other than the defendant, outside the period
of gestation, is inadmissible to evidence.

ERROR to the district court for Saunders county.    Tried
below before MARSHALL, J.

Olson v. Peterson.

*Good & Good*, for plaintiffs in error, cited, as to degree of evidence required: *Reg. v. Armitage*, 27 L. T. [Eng.], 41 ; 2 Am. & Eng. Ency. Law, p. 146; Saunders, Affiliation [8th Ed.], 55; 2 Best, Ev., sec. 621, and cases; 1 Whart., Ev., sec. 414; *Rex v. Roberts*, 2 C. & K. [Eng.], 614; *Hodges v. Bennett*, 5 H. & N. [Eng.], 625; *Queen v. Read*, 9 A. & E. [Eng.], 619. Offer to compromise: *Home Ins. Co. v. Baltimore*, 93 U. S., 527; *Batchelder v. Batchelder*, 2 Allen [Mass.], 105; *Saunders v. McCarthy*, 8 Id., 42; *Harrington v. Lincoln*, 4 Gray [Mass.], 563; *Gay v. Bates*, 99 Mass., 263; *Durgin v. Somers*, 117 Id., 55; *Draper v. Hatfield*, 124 Id., 53; *Williams v. Thorp*, 8 Cow. [N. Y.], 201; *Paulin v. Howser*, 63 Ill., 312; *Barker v. Bushnell*, 75 Id., 220; *State Bank of Wis. v. Dutton*, 11 Wis., 371. Marriage of prosecutrix: *Gibson v. Gibson*, 24 Neb., 430; *State v. Walker*, 13 Pac. Rep. [Kan.], 285; 2 Best, Ev., sec. 349; 2 Kent's Com., 87, and cases; 2 Greenl., Ev., secs. 461–2; *Harmon v. Harmon*, 16 Ill., 85; *Miller v. White*, 80 Id., 580; *Sharon v. Sharon*, 16 Pac. Rep. [Cal.], 360–1; *Gall v. Gall*, 21 N. E. Rep. [N. Y.], 106.

*G. W. Simpson*, and *J. R. Gilkeson*, contra, cited, as to degree of evidence: *Altschuler v. Algaza*, 16 Neb., 633; *Kennedy v. State*, 42 N. W. Rep. [Wis.], 213. Offer to compromise: *Dodge Co. v. Kemnitz*, 28 Neb., 224; *Moore v. State*, 2 O. St., 500; *Pratt v. State*, 19 O. St., 277; *Perkins v. Mobley*, 4 O. St., 668. Exclusion of testimony as to other acts: *Sang v. Beers*, 20 Neb., 373; *Masters v. Marsh*, 19 Id., 460.

NORVAL, J.

This is a case of bastardy, by which it is sought to charge the plaintiff in error with being the father of a bastard child of Ella Peterson, the prosecutrix. To the complaint the defendant pleaded not guilty. At the close of the trial the jury returned a verdict of guilty. The

defendant's motion for a new trial was overruled, and the court adjudged that the defendant was the reputed father of said child, and that he should stand charged with its future maintenance in the sum of $825. To reverse the judgment the defendant prosecutes error.

Complaint is made because the court refused to give the following instruction to the jury, requested by the defendant:

"Before you can find a verdict of guilty in this case, the plaintiff must show, by a clear preponderance of the evidence, that the defendant is the father of the child, and this proof must not only be given by her direct and positive testimony, but by some corroborative evidence in some material particular, apart from her own testimony."

No error was committed in refusing this request, as it did not correctly state the rule of evidence. In a prosecution for bastardy the guilt of the defendant is only required to be established by a preponderance of the evidence. The statute makes the mother of a bastard child a competent witness in a proceeding like this, leaving to the jury the question of her credibility. If the evidence of the complainant shows the accused to be the father of the child, it may be sufficient to sustain a verdict of guilty, although her testimony is uncorroborated by other evidence. (*Altschuler v. Algaza*, 16 Neb., 631; *State v. Nichols*, 29 Minn., 357; *State v. McGlothlen*, 56 Ia., 544.)

On the trial it was contended by the defendant that the complainant is a married woman. The defendant introduced testimony tending to show that in the latter part of the month of July, 1888, the plaintiff, and one Andrew Anderson, went to a restaurant and boarding house in the city of Wahoo and engaged board and lodging, representing themselves as husband and wife. They remained there two or three months, sustaining, during the time, the relation of husband and wife, and held themselves out to the public as such. Anderson abandoned the plaintiff and

left her at this restaurant in September. The plaintiff testified that she was never married, and never told any one that she was the wife of Andrew Anderson. If her testimony is to be believed, her cohabitation with him was not lawful, but illicit. No marriage ceremony or solemnization is claimed, but it is insisted that the facts proven as to the relations existing between the complainant and Anderson, constitute a common law marriage. It was for the jury to determine from the entire testimony what were the real relations this man Anderson sustained toward the plaintiff, and whether or not they were married. The jury, by the verdict, found that the plaintiff was an unmarried woman, and there is testimony to support the finding.

The point is made that this issue was not fairly presented to the jury by the charge of the court. The court, over the defendant's objections and exceptions, gave the following instructions to the jury on that branch of the case:

"Sixth—The jury are instructed that marriage in its legal sense may be defined to be a civil contract; and that it is not indispensable that a clergyman or magistrate should be present to authorize, solemnize, or confirm the contract to give validity to the marriage. Therefore, if there is a contract to be continued during life entered into between a man and a woman legally capable of entering into a marriage relation, and then this contract is followed by the parties thereto in good faith, cohabiting together as man and wife, this amounts to a valid marriage, and is not voidable at the will of either party. Cohabit does not mean mere sexual indulgence, but it means a dwelling together as husband and wife. Marriage, as distinguished from the agreement to marry, and from the act of becoming married, is the civil status, condition, or relation of one man and one woman united in law for life, for the discharge to each other, and the community, of the duties legally incumbent on those whose association is founded on the distinction of sex. Marriage does not mean a mere tem-

porary agreement to dwell together for a time for the grati-
fication of sexual or lustful desires, but it is essential that
the contract be entered into with a view to its continuance
through life, and then be followed by celebration and co-
habitation, with the apparent object of continuing such
cohabitation through life.

" Seventh—The jury are instructed that if from the evi-
dence in this case they believe that the plaintiff, Ella Peter-
son, and one Andrew Anderson in good faith entered into
a contract to become husband and wife, and in good faith
and in pursuance of that contract cohabited, that is, dwelt
together as husband and wife, and so held themselves out
to those with whom they associated, and that they, in good
faith to each other and the community, entered upon the
discharge of the duties legally incumbent on those holding
to each other the relation of husband and wife, then the
jury should find that the plaintiff is a married woman.
On the other hand, if the jury from the evidence believe
that the plaintiff and said Andrew Anderson merely lived
together without any contract to marry, or for the mere
purpose of gratifying their sexual desires, or for any tem-
porary purpose, then, although they may have slept to-
gether, and called each other husband and wife, such living
together, standing alone, would not in a legal sense consti-
tute a marriage, and in that event she would not be con-
sidered a married woman."

These instructions were rightfully given, as in our opin-
ion they fairly express the law governing the facts and
are applicable to the testimony in the case. They are not
in conflict with the rule announced and applied in *Gibson
v. Gibson*, 24 Neb., 394, but are in perfect harmony with
the opinion in that case and the authorities cited therein.

It is further claimed that the court erred in refusing to
give the defendant's third request, which reads:

"You are instructed that if you find from the evidence
adduced that said plaintiff and Andrew Anderson lived

together as man and wife, demeaning themselves toward each other as such, and were treated by their friends and acquaintances as being entitled to that status, for the period of about three months during July, August, and September of 1888, the law presumes them to have been legally married, and in such case you must acquit the defendant."

While it is true marriage may be established by cohabitation, reputation, declaration, and conduct of the parties, yet it will not be conclusively presumed from such facts. The complainant and Anderson may have lived and cohabited together and held themselves out to the world as husband and wife, and yet if there was no mutual agreement between the parties to assume that relation, and it was not their intention to do so, then no marriage existed between them. The fault with the defendant's request to charge is that it holds, if certain facts are found to exist, a marriage is conclusively proved, while the existence of such facts only raises the presumption of marriage, but not a conclusive presumption.

As there was no complaint in the motion for a new trial because of the refusal of the court to give the defendant's fourth request, the assignment of error based thereon cannot be considered.

Exception is taken because the court permitted the plaintiff to prove, on the cross-examination of the defendant, that, while the action was pending in the district court, he offered the complainant a certain sum of money in settlement of the case. The rule is that an offer or proposition of settlement of matters in litigation, not accepted, is not admissible in evidence for or against either party. The rule does not exclude the admission of particular facts. A litigant has the right to buy his peace, and the law will not allow him to be prejudiced by the fact that he made a proposition to the other party to effect a settlement, which was rejected. (*Kierstead v. Brown*, 23 Neb., 595; *Sherer v. Piper*, 26 O. St., 476; *Sebree v. Smith*, 16 Pac. Rep. [Idaho], 915;

*L. & N. A. R. Co. v. Wright*, 16 N. E. Rep. [Ind.], 145;
*State Bank v. Dutton*, 11 Wis., 389; *Barker v. Bushnell*,
75 Ill., 220; *State v. Lavin*, 80 Ia., 555.)

Counsel for defendant in error concede in their brief that
such is the rule in purely civil cases, but contend that it
has no application in actions like the one at bar. A pros-
ecution for bastardy is in the nature of a civil action. The
statute in express terms authorizes the complainant in such
a proceeding, while the complaint is pending before the jus-
tice, to settle with the defendant. The agreement, how-
ever, must be acknowledged by both parties before the jus-
tice, who is required to enter a memorandum thereof upon
his docket, and the defendant must give a bond to save the
county from all liability for the support of the child.
Whether the power to compromise exists, after the defend-
ant has been recognized by the justice to appear before the
district court, so that the settlement would constitute a bar
to a further prosecution of the case, we are not now re-
quired to determine. The defendant, doubtless, supposed
that the right to settle existed. He certainly did not vio-
late any law in making overtures to the complainant for
the purpose of effecting a settlement. So far as appears
it was made in good faith for the purpose of avoiding liti-
gation, even though the sum offered was small, and we
know of no reason why his rejected proposal should be
regarded as an admission that he was the father of com-
plainant's child. Had the offer been accepted by her, and
the defendant given his note for the sum agreed upon
for the support of the child, its collection could be enforced
at law. The object of the statute is to compel the father of
a bastard child to provide for the support of the child and
to protect the public against all liability for such support
A fair compromise made between the parents of an illegit-
imate child providing for the maintenance thereof, is highly
commendable, and such a settlement is in harmony with the
policy of our statutes. The establishing of the rule for

which the defendant in error contends would tend to prevent the settlement of such matters.

The case of *State v. Lavin, supra,* is precisely like this. There the court ruled that an offer of compromise made by a defendant in a bastardy proceeding is not an admission of his guilt and is inadmissible in evidence.  We are of the opinion, both upon principle and authority, that error prejudicial to the plaintiff in error was committed by the trial court in allowing the proposition, made for the purpose of compromise, to be proven.

The court refused to permit counsel for plaintiff in error to cross-examine the complainant as to the relations sustained between her and one Andrew Anderson.  One of the issues in the case was whether or not the complainant was unmarried when the prosecution was instituted.  It was the theory of the defense, on the trial, that she was married to Anderson.  On direct examination she testified that she was never married.  It was certainly competent to prove on cross-examination any fact or circumstance which had a tendency to show that she was a married woman at the time of bringing the action.  The court refused to permit the complainant to answer on cross-examination whether or not she and the man Anderson did not live together as husband and wife and represented themselves to others as being such.  This was error.

There is no merit in the objection made to the exclusion of the depositions.  They were offered to prove that the prosecutrix had sexual intercourse with men other than the defendant outside of the period of gestation.  Such evidence was inadmissible.  (*Masters v. Marsh,* 19 Neb., 458; *Sang v. Beers,* 20 Id., 365.)

For the errors referred to the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.