H. M. ROBB v. CLARA HEWITT.

FILED FEBRUARY 6, 1894.    NO. 5104.

1. Bastardy: COMPLAINT. The complaint in a bastardy proceeding, where it charges the date of the birth of the child, need not set out the time or place when or where it was begotten.

2. ———: EVIDENCE. An offer made by the defendant to the father of the prosecutrix to contribute money for the purpose of "sending the prosecutrix away" is not an offer to compromise, and is admissible in evidence.

3. ———: ———. In a bastardy proceeding only a preponderance of the evidence is necessary to a conviction, and a verdict may be sustained upon the uncorroborated testimony of the prosecutrix alone.

4. ———: ———. Certain evidence in rebuttal of evidence of good reputation examined, and its admission *held* not to be error.

ERROR from the district court of Otoe county. Tried below before CHAPMAN, J.

*John C. Watson,* for plaintiff in error.

*M. L. Hayward, contra:*

IRVINE, C.

The defendant in error charged plaintiff in error with bastardy, and upon trial he was found guilty.

1. The complaint, omitting the formal parts, is as follows: "That she is an unmarried woman, resident of Otoe county, in the state of Nebraska; that on the 16th day of October, 1889, she was delivered of a bastard female child, and that Hamilton Montgomery Robb is the father of said child." The defendant moved the court to require the prosecutrix to make the complaint more certain by averring the time and place where the child was begotten. This motion was overruled. The complaint is in a form which has in its support at least the sanction of custom, but its sufficiency has never been directly determined by this court. Were it not for the provisions of chapter 37, section 1, Compiled Statutes, requiring in such cases an examination under oath of the prosecutrix, before the justice of the peace to whom complaint is made, there would be much force in the argument that the defendant should be informed by the complaint of the time and place of the alleged intercourse. But the section cited provides for such an examination, permits the accused to cross-examine, and requires that the examination shall be reduced to writing and certified to the trial court, where it "shall be given in evidence." These provisions furnish the accused with all requisite information, and we do not think the complaint need be more specific than the statute in terms requires.

2. The father of the prosecutrix was permitted to testify that at some time, not very definitely fixed, but apparently not long before the birth of the child, he told the defendant of the girl's condition and asked him what he was going to do about it. Defendant denied the implied charge. In the course of the conversation the father remarked that if he had a little money he would send the girl away. Thereupon defendant asked the father to remain a short time, went away himself and soon returned, saying, "What do you mean,—that you would send her away if you had a little money?" The father answered, "I meant just what I said." Defendant said, "Do you mean if I would pay

half that you would pay half?" This testimony was objected to, and its admission is assigned as error, counsel invoking the rule which excludes, as privileged, offers to compromise. The rule referred to applies to this class of cases. (*Olson v. Peterson*, 33 Neb., 358.) It is a salutary rule and should be rigidly enforced ; but this evidence did not fall within it. There was no offer to compromise, but merely a suggestion that defendant would share the expense of sending the girl away. The rule arises from the policy of the law which favors amicable settlements, but does not extend to offers made, which, if accepted, would merely baffle prosecutions or conceal evidence, without effecting a legal compromise.

3. The defendant introduced evidence of good reputation. Plaintiff in rebuttal undertook to meet this with evidence of bad reputation. Several errors are assigned in the admission of such evidence.

Mr. Ames testified that before this case arose he had never heard anything to defendant's discredit; that since this case arose he had "heard some bad talk that I didn't wish to hear. Q. Anything aside from this Hewitt girl? A. Why, yes, sir. In a manner the same." That prior to this trouble he had never heard anything, and that he presumed what he had heard arose from this trouble. He was not permitted to state what he heard. While the examination was somewhat irregular we cannot see how the defendant was prejudiced.

Mr. Brown was asked: "Have you heard anything of his reputation or that affected his reputation prior to this [the Hewitt case]? A. Yes, sir. Q. State what it was. A. Mr. Robb made a slighting remark about a very estimable young lady." The answer was not responsive to the question, and no motion was made to strike it out. The court refused to permit witness to state anything further. Here there was no error, as the court sustained objections to such testimony as soon as they were made.

Mr. Hargus, when asked the general question as to the reputation, said he "had heard some little bad talk about defendant." This testimony was fairly responsive to the inquiry as to the reputation, and was properly received.

4. The court was asked to charge the jury that a verdict of guilty could not be based on the uncorroborated testimony of the prosecutrix. The law is otherwise, and the court correctly refused to charge as requested. (*Olson v. Peterson, supra.*)

Another instruction requested was that proof beyond a reasonable doubt was required. This was correctly refused. A preponderance of the evidence is sufficient. (*Altschuler v. Algaza,* 16 Neb., 631; *Olson v. Peterson, supra.*)

There was a general instruction requested to find for the defendant. An examination of the evidence discloses sufficient to sustain the verdict of guilty, and the court did right in refusing that instruction.

The other instructions requested are open only to the objection of calling too specifically to the attention of the jury certain parts of the testimony, but the principles of law involved were all fairly given to the jury in the court's instructions.

We find no error in the record, and the judgment is

AFFIRMED.