AMELIA S. JOHNSON, APPELLEE, V. WILLIAM DAHLE,
APPELLANT.

FILED NOVEMBER 19, 1909. No. 15,798.

1. **Bastards: EVIDENCE.** In a prosecution for bastardy, proof that defendant promised to marry complainant, when informed of her pregnancy, may be admitted to corroborate her testimony as to paternity, where the promise was voluntarily made without reference to a compromise or settlement.

2. **Appeal: EXCLUSION OF WITNESSES: REVIEW.** An order excusing a witness without permitting him to testify for the reason that he violated a rule excluding witnesses from the courtroom cannot be reviewed in absence of an exception.

3. ———: ———: HARMLESS ERROR. An order excusing a witness without permitting him to testify for the reason that he violated a rule excluding witnesses from the courtroom cannot be made the basis of a reversal, where the record fails to show that appellant was prejudiced by the ruling.

4. ———: DISCRETION OF COURT. Whether complainant's answer to a question at a preliminary hearing in a bastardy case should be read a second time to the jury in the district court, because misstated by her counsel in his argument, is a matter for the determination of the trial court, and its ruling thereon will only be reversed for an abuse of discretion.

APPEAL from the district court for Polk county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*John C. Martin* and *E. E. Stanton,* for appellant.

*King & Bittner* and *Mills, Mills & Beebe, contra.*

ROSE, J.

This is an appeal by defendant from a judgment of filiation directing him to pay $1,200 for the maintenance of plaintiff's child. Some question is raised as to the sufficiency of the evidence, but it is ample in every respect to justify the jury's verdict of guilty.

At the trial plaintiff and her father were permitted to testify that in their presence defendant was informed of

plaintiff's pregnancy, and that he confessed he was to blame and offered to marry her. The admission of this testimony is assigned as error, within the meaning of the rule that a defendant's rejected offer to compromise a contemplated prosecution for bastardy by marrying complainant is not admissible in evidence. *Lisy v. Dufek,* 50 Neb. 226; *Robb v. Hewitt,* 39 Neb. 217; *Olson v. Peterson,* 33 Neb. 358. In the present case there was no suit pending between the parties at the time the offer was made, and plaintiff's proofs indicated that no intention of a purpose to bring one had been communicated to defendant. Plaintiff and her father stated there had been no attempt on their part to make a compromise, and that the admission of guilt and offer of marriage were voluntarily made without threat or inducement. On the testimony as it appears in the record the trial court was fully justified in admitting proof of the proposal under the rule that defendant's promise to marry complainant, if voluntarily made with knowledge of her pregnancy, but not as an offer of compromise or settlement, may be received to corroborate her testimony on the question of paternity. *Woodward v. Shaw,* 18 Me. 304; *Lancy v. State,* 109 Ala. 34. This assignment of error must therefore be overruled.

At the beginning of the trial the court on the urgent request of defendant adopted a peremptory rule for the separation of witnesses on penalty of excluding from the stand any one who should remain in the courtroom and listen to testimony. In violation of this rule defendant himself offered as a witness Art. A. Johnson. Objection was made by plaintiff. The court enforced the rule and would not permit the witness to testify. This is also made the basis of an assignment of error, but it cannot be considered for the reason the record fails to disclose an exception to the order excusing the witness. Henning Larsen was also offered as a witness on behalf of defendant, but was excused on the same ground without having been permitted to testify. There was an ex-

ception to this ruling, which is likewise assigned as error. The objection to the court's holding is based on the following circumstances as viewed from defendant's standpoint: Larsen had not been subpœnaed as a witness, but was in the courtroom, heard part of plaintiff's testimony just before an evening adjournment, and immediately thereafter notified defendant for the first time of material facts at variance with statements made by plaintiff in her testimony. Upon the opening of court next morning these circumstances were disclosed and Larsen was called as a witness. Defendant insists he was not at fault and ought not to be deprived of the benefit of Larsen's testimony. The question thus presented requires a reference to some of the proofs. Plaintiff in corroborating her direct evidence testified that defendant on the evening of October 6, 1906, took her to Stromsburg, for the second time, to Dr. Flippin for the purpose of procuring an abortion, and that defendant and the physician tried to induce her to submit to an operation for that purpose. When the court excused Larsen as a witness without permitting him to testify, defendant offered to prove by him that on the evening of October 6, 1906, shortly after 6 o'clock, Larsen drove with defendant from the latter's residence to the village of Clarks to attend lodge, remained with defendant until 10 or 11 o'clock and then drove home with him. There was no offer to prove any other fact by Larsen. Plaintiff's corroborating testimony that defendant took her to a physician October 6, 1906, for the purpose stated had already been contradicted by both defendant and Dr. Flippin. Defendant's criticism of the court's ruling as stated in his brief is: "The testimony offered and rejected directly impeached the complainant as to her statements as to when and where such attempt was made." The testimony which defendant thus intended to impeach in a civil suit related to a mere corroborating circumstance, and not to the direct, convincing evidence on which the verdict is based. If the witness had been allowed to testify and the offered

proof had been excluded in the regular course of examination, the rulings to that effect would not have required a reversal on account of prejudice, when viewed in the light of the entire record. It is therefore unnecessary to determine whether the court erred in excusing the witness Larsen without permitting him to testify.

Misconduct of counsel for plaintiff in the argument to the jury and an erroneous ruling in reference thereto are the remaining points. A controversy arose between opposing counsel with respect to a variance in plaintiff's testimony at the preliminary hearing before the county court and at the trial in the district court. Defendant insists that counsel for plaintiff misstated one of her answers, and that the trial court refused to correct the misstatement or to have the testimony read to the jury. The jury heard the testimony, including that reduced to writing by the county judge. While opposing counsel disagreed, the record does not show that either the jury or the court had any misapprehension as to what plaintiff said at either hearing. The jury did not ask the court to restate any of the evidence or to have any part of it read. The trial court in its discretion was the judge of whether either was necessary or proper, or whether both propositions should be ignored. It left the jury to their recollection of the testimony, and instructed them that on behalf of defendant it was their duty to consider any variations in plaintiff's testimony before the county court and before the jury. The trial court did not correct any statement of plaintiff's counsel further than to refer the jury to the evidence, and the record does not show any abuse of discretion in that respect or in refusing to restate or read the statement in dispute.

No prejudicial error appearing in the proceedings below, the judgment is

AFFIRMED.

FAWCETT, J.

I think the evidence is wholly insufficient, and that the

court erred in excluding the testimony of the witness
Larsen.