WEYANT, ADMX., *v.* MCCURDY ET AL.

*Evidence — Compromise negotiations inadmissible — Independent contemporaneous statements admissible, when.*

Offers of compromise and negotiations for compromise are incompetent as evidence for reasons of public policy. Yet independent statements of fact material to a cause of action or defense, made by a party, although contemporaneous with negotiations for a compromise, are competent as admissions.

(Decided January 8, 1920.)

ERROR: Court of Appeals for Franklin county.

*Messrs. Johnson, Sharp & Schooler,* for plaintiff in error.

*Messrs. Marriott, Freshwater & Wickham* and *Mr. Charles S. Druggan,* for defendants in error.

ALLREAD, J. The original action was brought against the defendants, Joseph McCurdy, Hobart McCurdy and Earl Jenkins, for damages for the wrongful death of Parker J. Weyant, resulting from an automobile accident. Joseph McCurdy was the owner of the automobile, which was in the charge of his son Hobart McCurdy at the time of the accident, Earl Jenkins being the latter's guest. Parker J. Weyant was crossing the street on foot.

Upon motion the plaintiff was required to elect whether she would proceed against Joseph McCurdy or against Hobart McCurdy and Earl Jenkins. The plaintiff elected to proceed against Joseph McCurdy, and the case was dismissed as to the other defendants.

The trial resulted in a verdict and judgment in favor of the defendant, and the plaintiff prosecutes error.

The plaintiff offered Dr. Clovis M. Taylor as a witness, who testified that shortly after the accident, he, in company with others, had a conversation at Ashley, Ohio, with defendant Joseph McCurdy, in respect to a compromise or adjustment of the damages to the widow of the decedent. It was proposed to prove by Dr. Taylor that in the course of the conversation Joseph McCurdy admitted that he had sent the boys to Columbus to buy tires for his machine. This testimony was rejected upon the ground that it was part of the conversation relating to the offer of compromise.

Mrs. Taylor and A. W. Geissinger were present at the same conversation and their testimony was offered to the same effect. The exclusion of this evidence was excepted to and is now urged as one of the assignments of error.

It has long been settled that an offer of compromise and the terms thereof are incompetent evidence. The doctrine is announced in this state in the case of *Sherer* v. *Piper & Yenney,* 26 Ohio St., 476. The *Sherer case,* however, was confined to the offer and terms of compromise. There were no distinct or independent admissions of fact.

In the case at bar the offer and terms of compromise were properly rejected, and the question presented is whether the admissions of distinct and independent facts tending to prove ownership of the machine and agency of the son Hobart were competent.

In 16 Cyc., page 950, it is said:

"Statements of facts independent of the concession involved in an offer of compromise are competent as admissions, since they are supposed to have been made because of belief in their truth. Although such statements directly relate to a compromise offer, or were made pending compromise negotiations, or at an interview during which the terms of a compromise were discussed, or probably would not have been made at all except upon the assumption that they would facilitate a settlement, they are nevertheless admissible."

The text is supported by numerous authorities, and no contrary decisions are noted. The doctrine is also supported by Greenleaf, Starkie, Phillips, Elliott, Jones and Wigmore on evidence. The rule excluding offers of compromise is founded upon rules of public policy, which encourage the settlement of litigation. We do not think the reason of the rule would extend to a distinct and independent admission of fact, even though such admission was made during the course of the negotiations. To admit an offer to compromise as an admission of liability would place a false construction in many cases upon the effort of a suitor to buy peace. It is different, however, with the admission of an independent fact simply because the fact is true.

In *Murray et al.* v. *Coster et al.,* 4 Cowen, 617, the logic of the following statement found at page 635 of the opinion can hardly be questioned:

"If a man says to me, I do not admit that I owe you anything, but rather than be sued I will give you a hundred dollars, it would be most unjust to suffer me to avail myself of this offer, to recover

against him. But if one tells me, it is true, I justly owe you a hundred dollars, and will give you fifty if you will give up your debt, I apprehend there is no rule of law so absurd and unjust as to prevent my availing myself of my debtor's confession, because he connected with it an offer of compromise."

*Stillwater Turnpike Co.* v. *Coover,* 25 Ohio St., 558, is an authority upon this question. Judge Gilmore wrote the opinion in this case as well as in the subsequent case of *Sherer* v. *Piper & Yenney.* In the *Coover case* McDargh claimed damages from the Turnpike Company, resulting from driving into a hole in the defendant's road. A part of a resolution of the board of directors, showing (1) ownership of the road and (2) that the hole in which the buggy was injured was within the bounds of the road, was admitted as competent evidence, although the resolution contained an offer to compromise. The case was reversed, upon the error of the trial court in refusing to give instructions, first, as to the propositions to compromise, as they appeared in the entry of the board of directors, and, second, as to the alleged admissions of the directors, as implied from the offer to compromise; but the supreme court distinctly held that the admission of the entry as to the ownership of the road and the location of the hole where the injury occurred was competent evidence. Judge Gilmore in the opinion states that the law allows litigants "to make *offers* or *propositions*" by way of compromise without prejudice. The words "offers" and "propositions" are emphasized. This case, we think, is authority for the proposition that while an offer of compromise is privileged, admissions of an

independent fact may be offered in evidence. With this view we think it was prejudicial error in the case at bar to exclude the evidence tending to prove admissions of the defendant Joseph McCurdy as to the ownership of the car, and as to the alleged agency of his son Hobart in driving the car to Columbus on the day in question.

The question of agency was an issue, and upon the trial Joseph McCurdy, and others in his behalf, testified on that issue. The exclusion of the admissions of said Joseph McCurdy was prejudicial to the plaintiff.

Other alleged errors are assigned. We have examined all these, but are of opinion that there is no prejudicial error except the exclusion of the testimony of Dr. Clovis Taylor and others in relation to the statements of defendant Joseph McCurdy, above referred to.

*Judgment reversed, and cause remanded.*

FERNEDING and KUNKLE, JJ., concur,