KLINE *v.* THE STATE, EX REL. ST. CLAIR.

*Bastardy—Three-fourths jury law applies—Section 10350, General Code—Evidence—Requiring defendant to stand up to compare features with child—Defendant cannot introduce in first instance, testimony of good moral character—Testimony of attempted compromise inadmissible—Admissions of independent facts made during negotiations competent.*

1. Section 10350, General Code, providing for a verdict on the concurrence of three-fourths or more of the number of jurors, in civil actions, applies to a bastardy case.
2. In the trial of a bastardy case, it is not error, when the child is exhibited to the jury, to require the defendant to stand up before the jury so that the jurors can better compare the features, and appearance of the child and the defendant.
3. It is not competent for a defendant, in a bastardy case, to introduce, in the first instance, testimony showing his good moral character.
4. The rule excluding testimony of an attempted compromise

[1] Bastards, 7 C. J. §§ 57, 139; [2] Id., § 125; [3] Id. § 121; [4] Id., § 120; Evidence, 22 C. J. §§ 347, 349.

applies in a bastardy case, the same as in other actions, but admissions of independent facts, made during negotiations for a compromise, may be received in evidence.

(Decided March 16, 1925.)

ERROR: Court of Appeals for Sandusky county.

Mr. Byron A. Fouche and Mr. D. B. Love, for plaintiff in error.

Mr. G. C. Sheffler, prosecuting attorney, and Mr. Earl D. Bloom, for defendant in error.

RICHARDS, J. Clayton Kline was arrested before a justice of the peace on the complaint of Maple St. Clair, an unmarried woman, charging that he was the father of her child. An examination was held under the statute by the magistrate, and the defendant was placed under recognizance to appear in the court of common pleas. Trial was had in that court, and on the first trial the jury disagreed. On the second trial the jury returned a verdict of guilty, nine of the twelve jurors concurring therein. A motion for new trial was overruled, and the court adjudged that the defendant should stand charged, in the sum of $1,000, with maintenance of the child, and this proceeding in error is brought to secure a reversal of that judgment.

Many alleged errors are assigned which it is insisted require a reversal of the judgment.

It is urged that a jury is not justified in returning a verdict by a concurring vote of only nine of its members in cases of this character, and that such cases can only be determined by the unani-

mous verdict of a jury. A preponderance of the evidence, only, is necessary to return a verdict in a bastardy case, and the proceeding is in itself essentially a civil one, and not subject to the requirement that a verdict can only be returned by unanimous vote of the jury. 3 Ruling Case Law, 750; *Knox* v. *Weber,* 5 Wkly. Law Bul., 887, 8 Ohio Dec., 138.

It is further insisted that the trial court erred in its charge to the jury and in the refusal to give request No. 2 after argument. We have carefully read the charge of the court and find no prejudicial error therein.

At request of the complainant, the court submitted to the jury an interrogatory which the jury answered, finding that she was not guilty of improper relations with a person other than the defendant. The defendant asked, in substance, in request No. 2, that the jury be instructed, in the event they should find the complainant had not had improper relations with the other person named, that they could not for that reason find Clayton Kline to be the father of the child unless the evidence and instructions of the court so warranted. The court declined to give that instruction, and we find no error in such refusal, for the reason that the subject-matter of the requested instruction was fully covered in the general charge of the court.

During the trial of the case, a request was made that the child be exhibited to the jury, and the child, carried by one of counsel for the complainant, was thereupon exhibited to the jury, and the defendant, under the direction of the court,

was required at the same time to stand up in the presence of the jury. It is insisted strenuously that the court, in so permitting the child to be exhibited to the jury, and in so ordering the defendant to stand up, was guilty of prejudicial error. Bearing in mind that the proceeding is, in substance and effect, a civil one, the action of the court was entirely proper, and in accordance with the decision of the Supreme Court in *Crow* v. *Jordan,* 49 Ohio St., 655, 32 N. E., 750. The purpose of exhibiting the child to the jury is to enable the jury to compare its features and appearance with that of the defendant, and the court doubtless believed that this could best be done by requiring the defendant to stand.

The defendant sought to show by testimony that he had borne a good moral character, and this evidence was rejected by the trial court. While there are one or two states holding such testimony to be competent in a bastardy case, the general rule is that it is not proper testimony and should not be admitted. The principle is concisely stated in 7 Corpus Juris, 991, 992, as follows:

"In bastardy proceedings which are in their nature civil, it is generally held that defendant may not, as in criminal cases, introduce evidence of his general character, unless he has been impeached as a witness."

See, also, *People ex rel. De Camp* v. *Kirk,* 223 Ill. App., 362. This rule as to the competency of this class of evidence has rarely been departed from except in the state of New Jersey and perhaps in New York.

The serious question that is involved in this

case is the admission of certain testimony, claimed on behalf of the prosecution to be admissions of independent facts by the defendant, while it is claimed on behalf of the defendant that whatever was stated on the occasion was by way of compromise and settlement. The justice of the peace before whom the proceeding was commenced testified with relation to what occurred before him at his office when the parties were all present. The trial judge heard this testimony, while the jury was excluded, and determined that it involved admissions of independent facts rather than matter of compromise, and that the testimony was therefore competent, whereupon it was offered in the presence of the jury.

According to the testimony of the justice of the peace, Clayton Kline said to Mr. St. Clair, the father of the complainant: "Why didn't you come to me? If you had we could have settled this thing among ourselves."

Mr. St. Clair answered: "I didn't know what was the matter with Maple until two or three days ago and you did. It was your place to come to me."

At this point an exception was taken by counsel for defendant. We find nothing incompetent in the testimony of the witness thus far. It was no more than a statement by the defendant that, if the father of the complainant had come to him earlier, they could have settled the matter among themselves, and the defendant does not appear to have replied to the statement made to him by the complainant's father, that he "didn't know what was the matter with Maple," but that the

defendant did. The justice of the peace, in his testimony, then proceeds to state that Kline said,

"Well, what are you going to do about it?" and that St. Clair replied, "What are you going to do about it?"

This was objected to, but there was no exception taken. Thereupon, according to the witness, Mr. Kline said:

"Well, you know I cannot marry Maple, and you know I haven't got any money, and if you was to send me to the penitentiary, it wouldn't get you any place, but I will take the child and raise it. But Jessie daresn't find out anything about this. If she does, she will go blooie."

Whereupon Mr. St. Clair said: "I would like to know how you expect to take the child without Jessie knowing anything about it."

To which Kline replied: "That can be arranged very easily. I will put Maple in a maternity home, and when the baby comes I can slip it in the house, and no one will know where it came from."

Thereupon counsel for the defendant moved "that all the statements made by Mr. St. Clair be excluded." This motion was overruled, and the defendant excepted. The "Jessie" referred to in the statement is the wife of the defendant. It will be noticed that no exception was taken as to statements made by Kline in the hearing of the witness, but only to the statements made by St. Clair. It could not be erroneous to permit statements made by St. Clair to Kline on this occasion to go to the jury. Certainly some portions of the testimony of the justice of the peace as to what occurred in his presence on that occas-

ion were competent, and the motion was to rule out "all the statements." The motion was altogether too broad, and was properly overruled.

Furthermore, the offer to take the child and raise it would seem to be an implied independent admission against the defendant, and the fact that its parentage was to be kept secret from his wife was not more than a condition annexed to his offer.

The justice of the peace testified to some further statements along this line, and all that the court said in response to an objection made by counsel for the defendant was, "I think we will omit that." No exception was taken by counsel.

It is fundamental that offers of settlement and compromise must not be admitted in evidence, and it is equally well settled that admissions of independent facts during negotiations for a compromise are admissible in evidence, and it is not always easy to draw the line between the two classes of testimony. The rule is clearly stated in *Weyant, Adm'x., v. McCurdy,* 12 Ohio App., 491. And see 22 C. J., 314. The applicability of this rule to a proceeding in bastardy is beyond question. We call attention to some authorities which shed light on this. *Olson* v. *Peterson,* 33 Neb., 358, 50 N. W., 155; *Robb* v. *Hewett,* 39 Neb., 217, 58 N. W., 88, where it was held that an offer by the defendant to send the prosecutrix away is not an offer to compromise, and is admissible; *Johnson* v. *Dahle,* 85 Neb., 450, 123 N. W., 437, in which case it was held that a voluntary offer to marry the complainant, when informed of her pregnancy, made without reference to a com-

promise, was admissible in evidence; *Miene* v. *People ex rel. Olsen,* 37 Ill. App., 589; *Phillips* v. *Hoyle,* 70 Mass., (4 Gray) 568; *Fuller* v. *Hampton,* 5 Conn., 416.

Counsel for plaintiff in error rely on *Martin* v. *State,* 62 Ala., 119, but that case only holds that a compromise of a bastardy prosecution is not an admission of guilt, and that guilt cannot be inferred merely from the fact of compromise. The case is in line with other authorities which hold that offers of compromise are not admissible, but that admissions of independent facts during negotiations for compromise are admissible.

We have given a very careful examination to the evidence contained in the bill of exceptions in this case. It would doubtless do more harm than good to review the evidence in detail. The bill of exceptions is full of conflicting statements by witnesses, and discrepancies in relating the facts. There is an unusual amount of conflict in the testimony, even for a case of this character. If the jury believed the testimony of two witnesses to the effect that Kline said to them, regarding the case, that it was the first time he had gone outside, and he got caught, it is difficult to see how it could have rendered any other verdict than it did. It must be borne in mind that this court can act only as a court of review, and does not sit to retry the case on the facts. The witnesses do not appear before this court, and the court is not in as good a position to judge of their truthfulness, accuracy, and candor as was the trial court. The province of this court, so far as the facts are concerned, is simply to determine whether the verdict of the

jury is so manifestly contrary to the weight of the evidence as to require a reversal of the judgment. Upon our examination of the evidence in this case, we cannot say that the judgment is not sustained by sufficient evidence, nor that it is manifestly contrary to the weight of the evidence.

Finding no prejudicial error, the judgment will be affirmed.

*Judgment affirmed.*

WILLIAMS and YOUNG, JJ., concur.