HARRISON BLDG. CO.. v. BECKERMAN et

Ohio Appeals, 6th Dist., Lucas Co.

No. 1776. Decided Jan. 17, 1927

480. EVIDENCE—While negotiations for compromise are incompetent as evidence, yet independent statements of facts which are material to the issue, even though made by a party while negotiations for compromise are pending, are admissible in evidence.

**First Publication of this Opinion**

RICHARDS, J.

The Harrison Building Co. brought an action in the Lucas Common Pleas against Chas. Beckerman, et al. to recover an amount claimed to be due on a guaranty of performance by the tenant of all provisions of a written lease. The lease was executed between the Company and one Sam Wagner as lessee and bears date of Sept. 23, 1924, and was to be in force from Oct. 1, 1924 for a period of three years.

It was contended that the guaranty was without consideration and created no obligation against Beckerman. The lease contains among things, that if lessee shall fail to keep and perform any of the covenants or conditions of the lease, it shall be lawful for the lessor to enter into the premises and repossess same as if no lease had been made. There was a further provision that the lessee was to provide lessor with a surety bond for $1000 guaranteeing the faithful performance by lessee of all the terms of the lease.

The trial rseulted in a verdict and judgment in favor of Beckerman, and error was prosecuted by the Company. The Court of Appeals held:

1. Under the terms of the last mentioned provision, the lessor in default of the execution of such bond as therein required would have the right to bring proceeding to regain possession of the premises leased, even though the lessee had continued in default in failing to furnish a bond after he had taken possession of the premises.

2. Therefore the precise time of the execution of the bond to secure compliance with the terms of the lease was unimportant, so far as consideration was concerned. Whenever executed by the lessee and accepted by the lessor it would prevent an action by lessor being maintained for the purpose of regaining possession because of failure to comply with the condition and give a bond.

3. Manifestly this was a sufficient consideration for the execution of the bond and there is no reason why the trial judge did not instruct the jury that the bond executed by defendants had a valid and sufficient consideration.

4. In view of the fact that the sureties on this bond received no compensation for assuming the liability, the bond must be construed most favorably for them; and so construed, it only binds the sureties for the payment of rent accruing during the first year of the lease.

5. The court did not err, therefore, in refusing to charge that the bond was a guaranty of the faithful performance of all the covenants of the lease, including rent for the term of three years to the extent of $1000.

6. Testimony of conversations between the parties as to the settlement of the controversy was withdrawn from the jury, which action is assigned as error. It is true that negotiations for compromise are incompetent as evidence, yet independent statements of facts which are material to the issue, even though made by a party while negotiations for a compromise are pending, are admissible in evidence. 12 OA. 491; 20 OA. 194.

7. A letter relating to negotiations for settlement and reciting terms which had been agreed on for the settlement was excluded from evidence. It contained no admissions of independent facts and would not be admissible on that principle. Yet if reliance is placed upon a concluded settlement as a ground for recovery thereon, a letter admitting such settlement is, of course, competent evidence.

Judgment reversed.

(Culbert & Williams, JJ., concur.)

Attorneys—Ritter & Brumback for Company; Joseph C. Gluck for Beckerman et; all of Toledo.