No. 669

BARKOCY v. BAKONYI, et.

Ohio Appeals, 9th Dist., Summit Co.

No. 1234. Decided March 8, 1927.

480. EVIDENCE—Independent statements of fact material to a cause of action or defense, made by party, although comtemporaneous with negotiations for a compromise, are competent as admissions.

Error to Common Pleas.

Judgment reversed.

**First Publication of this Opinion**

FUNK, J.

Plaintiff in error sued defendants in error

in the Common Pleas Court for $438 and interest for money loaned. The parties are in the same relation as they were below and will be referred to as plaintiff and defendant.

The answer of defendants denied that they were indebted to plaintiff as set forth in the petition and alleged a settlement whereby all differences between them were adjusted. A jury was waived and the court rendered a judgment in favor of the defendant. The case is here on error seeking to reverse that judgment.

The record shows that plaintiff sent money to defendants in Europe, on three different occasions, for the purpose of coming to America. Prior to the time of sending at least part, of the money to Europe, the mother of the plaintiff and of the the defendant Clara Bakonyi, died owning an interest in certain real estate, and leaving plaintiff and said Clara Bakonyi as her only children and John Barkocy, Sr., as her widower. Said Clara Bakonyi and plaintiff each thus inherited an interest in this real estate.

After some controversy as to the interest of each in the real estate, and the money loaned for coming to America, they finally agreed to settle without going to court and quit-claim deeds were exchanged between the parties for the purpose of settling their affairs.

It was contended upon the part of defendants that in this settlement, concerning the mother's estate, it was agreed that defendants should be released from paying back the money loaned them by plaintiff for the purpose of coming to America. Plaintiff denied this and claimed that the amount due him for said money loaned was a personal matter of his and was not taken into consideration at all in the settlement of the mother's estate.

The principal error contended for by plaintiff is, that the judgment is manifestly against the weight of the evidence, and that the court erred in ruling out testimony pertaining to certain statements claimed to have been made by Frank Bakonyi, concerning his owing this debt and his unconditional promise to pay the same, long after the settlement of the mother's estate. Counsel for plaintiff offered testimony and read into the record what he expected the witness to testify to, that Frank Bakonyi said at that time, to-wit: "that the amount was due including interest, and that he asked for thirty days time in which to get the money and agreed that the amount was due from him and his wife, and that he did not deny owing it."

The rule seems to be well established that:

"Offers of compromise and negotiations for compromise are incompetent as evidence for reasons of public policy. Yet independent statements of fact material to a cause of action or defense, made by a party, although comtemporaneous with negotiations for a compromise, are competent as admissions." Weyant, Admx. v. McCurdy, 12 O. App. 491; Kline v. State ex rel. St. Clair, 20 O. App. 191. Under this rule, even if there was any talk of compromise at that time, we think the court erred in rejecting this testimony.

In determining whether or not the error is prejudicial to the rights of plaintiff, it must be considered in connection with the whole record.

Considering the amount plaintiff and defendant each received from the mother's estate, under any fair valuation of her property, together with the record as a whole and the great conflict there is in the testimony, we are unable to say that the court would have arrived at the same conclusion had this evidence been admitted and considered. We are therefore of the opinion that the rejection of this evidence was prejudicial to plaintiff and for that reason the judgment of the court below is reversed.

Judgment reversed.

(Washburn, PJ., and Pardee, J., concur).

Attorneys—I. S. Ballard for Barkocy; O. H. Corvington for Bakonyi; both of Akron.