PEOPLE v. HAAB.

1. BASTARDY—EVIDENCE—HEARSAY—STATEMENTS OF COMPLAINING WITNESS.

In prosecution for bastardy, admission of testimony by father of complaining witness as to statements made by her, several months after conception, that defendant was father of her child, was error; it not being admissible either in corroboration of her, or as substantive evidence of defendant's guilt.

2. SAME—TRIAL—INSTRUCTIONS.

In said case, instruction by court that jury could take into consideration said statements of complaining witness, in determining guilt or innocence of defendant, was reversible error.

3. SAME—EVIDENCE—EXHIBITING CHILD TO JURY—REQUESTS TO CHARGE.

Where, in prosecution for bastardy, 39-day old child, of which defendant was alleged to be father, was exhibited to jury without objection, there was no error in refusal of court to instruct jury that baby was too young to constitute evidence against defendant, since probative value of said exhibit was not dependent on age, but on resemblance, or want of it, to defendant, and age and immaturity of child affected weight of evidence and not its admissibility.

As to exhibition of child for purpose of determining paternity, see annotation in 52 L. R. A. 502; L. R. A. 1917B, 1148.

As to admissibility and weight of evidence of resemblance on question of paternity, see 40 A. L. R. 97.

4. Same—Admissions—Offer to Compromise—Evidence.

In prosecution for bastardy, it was proper to show, by cross-examination of defendant, that, when accused, he denied his guilt, but said he would pay expenses of complaining witness' confinement; said testimony not being inadmissible as offer to compromise.

Appeal from Washtenaw; Sample (George W.), J. Submitted October 14, 1932. (Docket No. 204, Calendar No. 36,572.) Decided December 6, 1932.

Otto H. Haab was convicted of bastardy. Reversed, and new trial granted.

*Jacob F. Fahrner* and *Andrew J. Sawyer,* for appellant.

*Paul W. Voorhies,* Attorney General, *Albert J. Rapp,* Prosecuting Attorney, and *Frank B. DeVine,* for the people.

Wiest, J. Defendant was convicted of bastardy, and prosecutes review by appeal in the nature of certiorari.

At the trial Miss Brandt, the complaining witness, in answer to questions, gave details not mentioned at the examination before the magistrate, and defendant was not permitted to so show by the transcript of the evidence returned. The evidence, taken before the magistrate, is in the record, and we find nothing therein tending to impeach her testimony at the trial, and, therefore, pass the point without further comment.

Miss Brandt was 23 years of age, and her father testified, in behalf of the prosecution, in part as follows:

"*Q.* Did you learn that your daughter was pregnant some months ago?

"*A.* Yes, sir.

"*Q.* And whom did she accuse when you found that out? Who was the father of this child?

"*A.* Otto Haab.

"*Mr. Sawyer:* I object. That's hearsay unless it was done in the presence of the respondent.

"*The Court:* No.

"*Mr. DeVine:* That's perfectly competent.

"*The Court:* Yes.

"*Q.* She accused Otto Haab?

"*A.* Yes.

"*Q.* And any time you talked to her about her pregnancy did she suggest anyone else?

"*Mr. Fahrner:* That's leading and suggestive.

"*Q.* Did she mention anyone else?

"*A.* No, sir.

"*Q.* Mr. Haab is the only one she accused?

"*A.* Yes, sir."

The court instructed the jury:

"I instruct you further, that in determining the guilt or innocence of the defendant that you may take into consideration declarations of the complaining witness, Hilda Brandt, when the fact became known that she was pregnant; that she stated to her parents and attending physician that the defendant was the father of the child, in connection with all the other testimony in the case and give it such weight as you deem proper."

The testimony was not admissible and the instruction was erroneous and prejudicial. The instruction sent the incompetent testimony to the jury as substantive evidence upon a vital question.

It is true that in *People* v. *Cole,* 113 Mich. 83, it was said it was proper to ask the attending physician if the complaining witness told him who was the father of her child, but the record in that case discloses that this was on cross-examination and

under the claim that she did not then accuse the defendant.

The statement to the father was made months after conception, and could not be employed in corroboration of Miss Brandt, much less as substantive evidence of defendant's guilt.

The baby was exhibited to the jury, without objection, but later the court was requested to instruct the jury that the baby was too young to constitute evidence against defendant. The court refused a request to so instruct the jury, and gave the following instruction:

"I further charge you that the child which was born upon the 21st day of February, 1932, was produced in court in the trial of this cause and that you may take into consideration the appearance of the child, in determining whether or not the defendant is guilty as charged."

At that time the baby was 39 days old. No opinion evidence of resemblance was given. The probative value of the exhibit was not dependent upon age, but upon resemblance or want of it as a fact. The age and immaturity of the child affected the weight of the evidence and not its admissibility. *Anderson* v. *Aupperle*, 51 Ore. 556 (95 Pac. 330); *State* v. *Danforth*, 73 N. H. 215 (60 Atl. 839, 111 Am. St. Rep. 600, 6 Ann. Cas. 557). We are aware of the conflict of authority on this subject. See note in 40 A. L. R. 97. But, as said in *People* v. *White*, 53 Mich. 537:

"While arguments of resemblance in so young an infant, in the absence of peculiarities, are a little preposterous, it is difficult on this record to determine that any rule of law was violated in discussing it."

Exhibition of even so young a child might in some cases furnish the most cogent evidence in favor of an accused.

On cross-examination, defendant was questioned about alleged conversations as to how and where Miss Brandt would be cared for during her confinement, and as to who was to pay for the same. It appears that at such times defendant denied his guilt, but it is claimed that he said he would pay the expenses of confinement.

Counsel for defendant contend that such testimony was inadmissible under the rule which excludes, as privileged, offers to compromise, and cite *People* v. *Gill,* 247 Mich. 479, where we held that the rule, rejecting offers of compromise as evidence of guilt, applies to a prosecution for bastardy, but in that case there was an offer of settlement made by the defendant, accepted by complainant and her parents, and rejected by the board of superintendents of the poor. In the case at bar there was no compromise, and defendant at all times asserted his innocence.

The question here presented was considered in *Robb* v. *Hewitt,* 39 Neb. 217 (58 N. W. 88). There the father of the prosecutrix told the defendant of the girl's condition and asked him what he was going to do about it. Defendant denied the implied charge. There was talk about sending the girl away, and defendant said:

"Do you mean if I would pay half that you would pay half?"

The court stated:

"This testimony was objected to, and its admission assigned as error, counsel invoking the rule which excludes, as privileged, offers to compromise.

The rule referred to applies to this class of cases. (*Olson* v. *Peterson*, 33 Neb. 358 [50 N. W. 155].) It is a salutary rule and should be rigidly enforced; but this evidence did not fall within it. There was no offer to compromise, but merely a suggestion that defendant would share the expense of sending the girl away. The rule arises from the policy of the law which favors amicable settlements, but does not extend to offers made, which, if accepted, would merely baffle prosecutions or conceal evidence, without effecting a legal compromise."

It was competent for the prosecution to show what defendant said when accused by Miss Brandt and third parties.

For the error pointed out, the judgment is reversed, and a new trial granted.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.