## William S. Hobson v. The People ex rel. Annie M. Druhm.

1. BASTARDY—*Intercourse with Persons Other than the Defendant.*—Evidence that other persons had sexual intercourse with the prosecutrix at or near the time the child was begotten, is competent as tending to raise a doubt as to the paternity of a bastard child.

2. SAME—*Prosecutrix Unchaste.*—The fact that the prosecutrix is an unchaste woman is not a defense in a bastardy proceeding.

3. SAME—*Intercourse after Conception.*—After conception has taken place it is immaterial who may have had sexual intercourse with the prosecutrix.

4. SAME—*Evidence Tending to Prove the Issue.*—The fact that after the prosecutrix became pregnant, and the defendant knew it, they had a conversation as to what name the child should have is competent as a circumstance showing that he thought he was the father.

Bastardy Proceedings.—Appeal from the County Court of Greene County; the Hon. JOHN C. BOWMAN, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

HENRY T. RAINEY, attorney for appellant.

D. J. Sullivan, state's attorney, and F. A. Whiteside, attorneys for appellees.

Although the evidence in a given case may show that "the prosecuting witness had sexual intercourse with another person than the defendant about or near the time her bastard child might have been begotten," such fact, of itself, will not acquit the defendant, provided the jury believe, from a preponderance of all the evidence, he is the father of such bastard child. Altschuler v. Algaza, 16 Neb. 631; State v. Pratt, 40 Iowa, 631; Whitman v. State, 34 Ind. 360.

Mr. Justice Glenn delivered the opinion of the Court.

The appellant was convicted, by the judgment of the County Court of Greene County, of bastardy.

It appears from the evidence there was a period of time during which gestation could have taken place, at the commencement of which appellant did have coition with the mother of the child, and no one else did at this time or afterward and before the child was born, save the appellant, and during this time gestation did take place.

This evidence the jury no doubt accepted as true, as it was their province to do, and found appellant to be the father of the child.

We think this finding is sustained by the evidence in the case.

It is claimed by the appellant that the court erred in giving the people's second, fourth, seventh and eighth instructions.

The people's second and seventh instructions are substantially the same, and the objections to them can be considered together.

By these instructions the jury are told, "although you may believe from the evidence that the prosecuting witness had sexual intercourse with another person about or near the time her bastard child might have been begotten, still such fact would not warrant the jury in finding the defendant not guilty, if you believe from a preponderance of all

the evidence in the case that the defendant is the father of such bastard child." The issue in this case is, is the appellant the father of the child? Evidence that other persons had sexual intercourse with the prosecutrix, at or near the time the child was begotten, would raise a doubt as to the paternity of the bastard child, but if it appears by a preponderance of all the facts and circumstances in proof that he was the father of the child, then a jury would be justified in so finding.

This is what these instructions mean and what they substantially say. These instructions are sustained by the authorities. Altschuler v. Algaza, 21 N. W. Rep. 421; State v. Pratt, 40 Ia. 631.

Complaint is made that the fourth and eighth instructions do not announce a correct proposition of law. By these instructions the jury are told that, notwithstanding they may believe the prosecutrix was unchaste, still if they believe from a preponderance of all the evidence, the defendant is the father of the child, they should so find. The fact that the prosecutrix is an unchaste woman is not a defense in a bastardy proceeding.

Appellant's counsel asked the prosecutrix this question : "With whom did you have intercourse after the month of August and before the birth of the child?" To this question appellee's counsel objected, and the court sustained the objection and appellant excepted, and assigns this ruling as error. After conception had taken place it made no difference who had connection with the prosecutrix. It was immaterial. The objection was properly sustained.

The objection was properly sustained to the question put to the prosecutrix by appellant: "Did you tell anybody anything about getting money out of Hobson to send your sister off?"

The question is objectionable for want of materiality, and if it were material, and asked for the purpose of impeachment, it is objectionable, because it fails to fix time, place and to whom the remark was made.

The court allowed the people to prove, over the objection

of the appellant, that after she became pregnant and appellant knew it, that they had a conversation as to the name the child should have, and he told her if it were a girl to name it Ruth, and if a boy to call it Harry. This, appellant claims, was error. We think not.

We think this circumstance quite convincing that he thought he was the father of the child. If some one else was the father of the child he would not be interested in what name it should have.

Having disposed of all the objections to which exceptions were taken, and believing substantial justice has been done, the judgment of the County Court is affirmed.