## The People of the State of Illinois ex rel. Stella Chaney, Appellee, v. Otis Preston, Appellant.

### (Not to be reported in full.)

Appeal from the County Court of DeWitt county; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 5, 1914.

### Statement of the Case.

Bastardy proceeding by the People of the State of Illinois, *ex rel.* Stella Chaney against Otis Preston charging defendant with being the father of a bastard child. To reverse a judgment entered on a finding in favor of plaintiff, defendant appeals.

LEMON & LEMON and HERRICK & HERRICK, for appellant.

A. F. MILLER and L. O. WILLIAMS, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. BASTARDS, § 21*—*when evidence of intercourse with other men competent.* In a bastardy proceeding it is competent for the defendant to introduce evidence to show that the relatrix had intercourse with other men about the time she became pregnant, but such evidence must be limited to a period of time within which, in the course of nature, the child could have been begotten.

2. BASTARDS, § 24*—*what may be asked of relatrix on cross-examination.* The relatrix in a bastardy proceeding may be asked on cross-examination whether she had intercourse with other men within the period in which the child could have been begotten.

3. WITNESSES, § 239*—*when redirect examination improper.* Where the relatrix in a prosecution for bastardy in the County Court was asked on cross-examination if she had not testified to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

certain things at the preliminary examination before a justice of the peace, permitting counsel for the People to ask her on re-examination if she had not testified to other things before the justice that were not connected with the questions asked on cross-examination, *held* improper, since a re-examination should have been confined to such answers, if any, as were connected with and modified or explained the answers inquired about on cross-examination.

4. BASTARDS, § 34*—*when instruction as to effect of change of name of relatrix properly refused.* In a prosecution for bastardy where it appeared the relatrix had procured a divorce under a different name, the refusal of a requested instruction telling the jury that if they believed such was her correct name they should find the defendant not guilty, *held* not error, where the evidence shows that she was known under the name in which she made the complaint, that she was known by such name and the proof corresponded with the complaint.

5. BASTARDS, § 22*—*degree of proof to authorize verdict of guilty.* A prosecution for bastardy is a civil proceeding and a preponderance of the evidence is all the law requires to authorize a verdict of guilty, and where an instruction requires a clear preponderance of the evidence the court may properly modify it by striking out the word "clear."

6. BASTARDS, § 34*—*when instruction as to effect of verdict of guilty improper.* In a prosecution for bastardy, instructions given at the request of the People informing the jury that a judgment of conviction only meant that the defendant would be compelled to pay the mother for the use of the child one hundred dollars for the first year and fifty dollars, for nine succeeding years, if the child lived that long, *held* argumentative and improper.

7. APPEAL AND ERROR, § 1514*—*when remarks of counsel prejudicial.* Statement made in final argument by counsel for the relatrix in a bastardy proceeding that "if a man would debauch a daughter of mine as this man debauched this woman, there wouldn't be any jury to pass upon that question," etc., *held* inflammatory and prejudicial.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.