### The People of the State of Illinois ex rel. Grace A. DeCamp, Appellee, v. James C. Kirk, Appellant.

1. INFANTS—*guardian ad litem for minor defendant in bastardy proceeding as unnecessary.* In a bastardy proceeding in this State, the appointment of a guardian *ad litem* for the minor defendant is unnecessary.

2. WITNESSES—*when objection to question on cross-examination of prosecuting witness in bastardy proceeding is properly sustained.* Where counsel for defendant in a bastardy proceeding, in his opening statement, said in substance that he would be unable to prove that any one except defendant had sexual intercourse with the prosecuting witness and that he had no witness who would swear he had intercourse with her, the court properly sustained an objection to a question asked of her on cross-examination as to whether she had been out nights after dark during the time of possible conception alone with certain named male persons, where such question was not as to anything she had testified to on direct examination.

3. WITNESSES—*when questions on cross-examination of prosecuting witness in bastardy proceeding are properly excluded.* In a bastardy proceeding, questions asked of prosecuting witness on cross-examination as to her being out alone after dark with certain named male persons were properly excluded where there was no proof of the lascivious propensity of such male persons or that prosecutrix had any disposition to have promiscuous intercourse with other men or any other man than defendant.

4. BASTARDS—*bastardy suit as civil proceeding.* A bastardy suit is a civil proceeding.

5. BASTARDS—*admissibility in bastardy proceeding of evidence of good character of defendant.* A defendant in a bastardy proceeding may not offer evidence of good character unless he has been impeached as a witness.

Appeal from the County Court of McDonough county; the Hon. CHARLES I. IMES, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed October 25, 1921.

SCOFIELD & CALIFF and HARTZELL, CAVANAGH & MARTIN, for appellant.

ANDREW L. HAINLINE, for appellee; JOHN C. LAWYER, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

This is an appeal from a judgment of the county court of McDonough county against appellant under the Bastardy Act for the payment to the complaining witness of the sum of $200 for the first year following the birth of her bastard child and $70 per year for 9 successive years thereafter. No fault is found with the form of the judgment and no contention is made that the evidence does not amply support the verdict of guilty. The only errors argued by counsel for appellant relate to the rulings of the court on the admission and exclusion of evidence and the fact that a guardian *ad litem* was not appointed by the court for the defendant, who was a minor. In a bastardy proceeding in this State the appointment of a guardian *ad litem* is unnecessary. *People v. Wunsch*, 198 Ill. App. 439.

The prosecutrix was asked on cross-examination as to whether she had been out nights after dark at different times during the time of possible conception with certain named male persons alone. An objection to this question was properly sustained. It was not

cross-examination of anything she had testified about on her direct examination. Objection was also sustained when other witnesses were asked whether the prosecuting witness had been seen alone with certain named male persons after dark. In argument in the county court on the admissibility of this evidence, the attention of counsel for appellant was called to the fact that in his opening statement to the jury he had said, in substance, that he would be unable to prove that any one except the defendant had had sexual intercourse with the prosecuting witness and that he had no witness that would swear he had intercourse with her. The only purpose in making the proposed proof that she had been out alone with men after dark was to have the jury draw the inference that they had there and then had intercourse with her, and where counsel had openly and repeatedly stated that he could not prove that fact it was not error to deny the proof offered. Besides that, as we understand the rule of evidence, two things must concur before such proof is admissible: First, the opportunity, and second, the disposition to have sexual intercourse together. The proof offered might have shown the opportunity, but there was no proof of the lascivious propensity of any of the men she is said to have been out with after dark; neither is there any proof that the prosecuting witness had any disposition to have promiscuous illicit relation with other men or any other man than the defendant. Under all the circumstances it was not error to exclude the offered testimony.

Objection was also properly sustained to proof of the defendant's good character for chastity. A bastardy suit is a civil proceeding and while we are not aware of any holding in this State that is directly in point, the general rule is that the defendant in a bastardy case may not offer evidence of good character unless he has been impeached as a witness. *Byers v. State,* 20 Ind. 47; *Walker v. State,* 6 Black. (Ind.) 1;

*Sidelinger v. Bucklin,* 64 Me. 371; *Low v. Mitchell,* 18 Me. 372; *Anonymous,* 37 Miss. 54; *Collister v. Ritzhaupt,* 83 Neb. 794; *Stoppert v. Nierle,* 45 Neb. 105; *State v. Brunette,* 28 N. D. 539.

The judgment of the county court is affirmed.

*Judgment affirmed.*