[Civ. No. 8430.   Third Dist. · Mar. 29, 1955.]

Estate of JONAS E. YOUNG, Deceased. PER ALGOT WEST, Appellant, v. PATRICIA F. MOORE, Respondent.

Alfred E. Frazier for Appellant.

Pugh & Webster and Stanley Pugh for Respondent.

VAN DYKE, P. J.—This is an appeal from that portion of a decree which adjudges that respondent Patricia. F. Moore was the natural child of the deceased, Jonas E. Young, and entitled to inherit and succeed to his estate in equal shares with appellant, whom the same decree adjudged likewise to be the natural child of said deceased.   Both appellant and respondent had petitioned the trial court for letters of administration upon the estate of Young who had died intestate.

Each claimed to be the natural child of decedent and disputed the like claims of the other. It was stipulated that the trial court.in determining which of the two was entitled to letters could determine the right of each as an heir. After a trial upon the facts the court found that each of the petitioners was a child and an heir of decedent, but found that neither ought to receive letters of administration because of the enmity between them and a third person was appointed as such personal representative. Patricia Moore did not appeal from that part of the decree which adjudges that Per Algot West, appellant herein, was entitled as a child of decedent to share equally with her.

We will state the facts within the scope of the rule that where proof is conflicting that which supports the trial court's determination must be taken as true. Joseph H. Baker and Isabelle Mary Baker were married in 1907 and remained husband and wife until the death of Baker at a time when respondent Patricia was about 13 years of age. She was born during this marriage, on September 9, 1926. Baker and a partner conducted a contracting and building business in San Francisco. In 1923 he moved his family to Tehama County and located them upon a parcel of farming and range land which he had purchased and which lay about 20 miles westerly from Red Bluff. It was mountain or foothill land and somewhat isolated. Having settled his family on the property, Baker returned to San Francisco and went on with his business there. From that time on he spent most of his time in San Francisco, visiting his family only occasionally, sometimes twice, sometimes three or four times, a year. Mrs. Baker was never in San Francisco after moving to Tehama County and the evidence shows that Baker was absent from Tehama County from August of 1925 to late in February, 1926. The evidence supports the inference that during this period Baker and his wife were not together. The normal date of conception of Patricia must be placed somewhere in the forepart of December. Decedent Jonas Young was, when the Baker family moved to Tehama County, an unmarried man, about six years older than Mrs. Baker, who lived on a neighboring ranch which he operated. Commencing shortly after Mrs. Baker came to Tehama County, Young became a frequent visitor in her home. The two rode after stock together and became close companions. When Patricia attained school age she was sent to a convent at Santa Rosa and the evidence supports the inference that she was there mainly supported

by Young for a period of seven years.  Joseph Baker died October 22, 1939, and within a few months thereafter Mrs. Baker married Young.  She immediately moved to his ranch home about a mile distant from her own, and Patricia was taken from the convent at Santa Rosa and brought to the new home where she resided, except for brief intervals, until Young's death in March, 1952.  When she came to live with Young and her mother, Patricia was told by her mother that Young was her father.  At her birth Patricia was normally developed for a 9 months' baby.  While she was at school in Santa Rosa Young visited Patricia on a number of occasions. When she was 8 years old her mother told Mary, Patricia's older sister, that Young was Patricia's father, and she asked the older girl not to blame her mother too much nor to hold Patricia's illegitimacy against the child, but to be kind to her and to do whatever she could for her, all of which the older girl promised she would do.  It was shown that upon Patricia's birth there was gossip in the neighborhood concerning her paternity, rumor having it that Young was her father.  On many occasions during the years following the death of Joseph Baker, Young openly acknowledged respondent to be his child. Thus, in September, 1940, when Young, being an alien, was required to register as such, Patricia accompanied him to the place of registration wherein he answered to a question as to whether he had any children that he had one child, Patricia. In March, 1943, Patricia was before the juvenile court and Young was called as a witness on her behalf, the minutes of the court showing that "upon inquiry by said counsel witness [Young] acknowledged Patricia . . . as his daughter and that said minor was born on September 9, 1926."  At that time he told the probation officer that Patricia was his daughter. Patricia's mother was in court during the proceedings referred to.  Patricia was involved in a divorce action against her first husband in March, 1948, and Young then testified on her behalf that she could live in his home, that he would assist her to the best of his ability, that he had theretofore publicly acknowledged that she was his daughter and that he intended to leave his property or a substantial part of it to her.  In April, 1950 he stated to an official census taker that Patricia was his child.

Appellant first contends that this case falls within the provisions of section 1962, subdivision 5, of the Code of Civil Procedure, which reads: "The issue of a wife cohabiting with her husband, who is not impotent, is indisputably pre-

sumed to be legitimate." While, of course, Patricia is disputably presumed to be legitimate, having been born in wedlock during the existence of the marriage of Baker and her mother, we think that the foregoing facts permit the trial court to treat the situation as not falling within the conclusive presumption classification. *Estate of Walker,* 180 Cal. 478 [181 P. 792], *Dazey* v. *Dazey,* 50 Cal.App.2d 15 [122 P.2d 308], and other cases, lay down the rule that a conclusive presumption may be removed by proper and sufficient evidence showing that the husband, though not impotent, was "entirely absent at the period during which the child must in the course of nature have been begotten." From the testimony in this case that Joseph Baker was absent from August, 1925, through the major part of February, 1926, that during that period his wife, living on an isolated mountain ranch about 200 miles away from San Francisco where Baker lived, did not go to San Francisco, the court could infer that as a matter of fact he had no access and that within the meaning of the cited code section he and his wife were not during that period cohabiting. This evidence was strengthened by a showing that during this period the financial conditions obtaining both at San Francisco and in Tehama County with respect to the Bakers were such that the parties were struggling to make ends meet; that Mrs. Baker seldom went even to the nearby town of Red Bluff, and that the family was closely confined to the Tehama County ranch. The trial court could consider that it would be extremely unlikely under all the conditions obtaining that Mr. and Mrs. Baker would meet other than in San Francisco or in Tehama County. We hold that the trial court's findings that "said Isabelle M. Baker, the undisputed mother of said Patricia F. Moore, intermarried with one Joseph H. Baker in the City of Martinez, California, on October 26, 1907, and from that date until the death of said Joseph H. Baker, on September 30, 1939, the said parties continued to be husband and wife, *and lived and cohabited together as husband and wife excepting during such times as Joseph H. Baker lived and worked away from home,*" and the further findings, "That continuously from the month of August, 1925, until the month of February, 1926, said Joseph H. Baker lived and resided in the City of San Francisco, California, and continuously during said period, and for several years prior thereto and continuously thereafter until the time of her death said Isabelle M. Baker lived and resided in the County of Tehama,

California," and the further finding, "That between said month of August, 1925, and the month of February, 1926, said Joseph H. Baker did not visit or see said Isabelle M. Baker, his wife, and during said period said Isabelle M. Baker did not see or visit said Joseph H. Baker," and the further finding, "That said Joseph H. Baker and Isabelle M. Baker did not at any time during said period from August, 1925, to February, 1926 have sexual intercourse or have any opportunity whatever for sexual intercourse, and said Joseph H. Baker did not conceive or is not the father of said Patricia F. Moore," are all supported by the evidence. (See *Estate of McNamara*, 181 Cal. 82 [183 P. 552, 7 A.L.R. 313], holding that the conclusive presumption of legitimacy is not applicable to a case where the child was born 304 days after the husband last had sexual intercourse with the mother, such period of gestation being exceptional, and not according to the usual laws of nature. (See also *Cinders* v. *Lewis,* 93 Cal. App.2d 90 [208 P.2d 687].)

Appellant finally contends that even if the case be not one of conclusive presumption, nevertheless the evidence is insufficient to justify a finding against the presumptions of legitimacy declared in code sections such as Code of Civil Procedure, section 1963, subdivision 31, and Civil Code, section 193. We think it apparent and hold that the evidence substantially supports the trial court's findings as against said disputable presumptions of legitimacy. Giving these presumptions full scope, they do no more as evidence than conflict with the evidence we have related. The fact of paternity in a case lying without the conclusive presumption classification is to be proven as any other fact. The preponderance of evidence governs the decision in the trial court and on appeal that decision must be upheld if substantially supported.

That portion of the decree appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied April 19, 1955, and appellant's petition for a hearing by the Supreme Court was denied May 25, 1955.