[Civ. No. 22449. Second Dist., Div. Two. Jan. 15, 1958.]

VIOLET RITA GIRARDIN et al., Respondents, v. GEORGE HALL, JR., Appellant.

N. E. Youngblood for Appellant.

Brock, Fleishman & Rykoff and Robert L. Brock for Respondents.

RICHARDS, J. pro tem.*—Plaintiff brought this action to compel the defendant to support her illegitimate minor child. The court, sitting without a jury, found that the defendant is the father of the child and rendered judgment requiring him to pay to the plaintiff $11.50 a week for the support of the child, together with medical bills and attorney's fees. The defendant has appealed from the judgment on the ground that the findings are unsupported by the evidence.

Both parties testified that they indulged in frequent acts of sexual intercourse commencing in March 1954. The plaintiff testified that such acts continued until March 1955 except during the last week of December 1954. The defendant testified that they ceased on December 7, 1954, although he admitted having had "dates" with the plaintiff thereafter during the month of December 1954 and during January, February and March 1955. ■ The defendant's testimony that he

---

*Assigned by Chairman of Judicial Council.

had illicit relations with the plaintiff prior to December 7, 1954, tends to corroborate her evidence and to show the probability of his having had sexual intercourse with her in January 1955. (*Berry* v. *Chaplin*, 74 Cal.App.2d 652, 661-662 [169 P.2d 442].) The child was born October 11, 1955, and was found by the court to have been conceived on or about January 5, 1955. ▇ As admitted in defendant's brief, there is a clear and substantial conflict in the evidence relating to the question of his intercourse with her during the probable period of conception and therefore under well-established rules the resolution of this conflict was the duty of the trial court and its findings that plaintiff and defendant cohabited from March 1954 to and including March 7, 1955, and that the defendant is the father of the child are conclusive on this appeal. (*Mathews* v. *Hornbeck*, 80 Cal.App. 704, 706 [252 P. 667]; *Sweet* v. *Hamilothoris*, 84 Cal.App. 775, 783 [258 P. 652]; *Berry* v. *Chaplin, supra,* 74 Cal.App. 2d 652, 663.)

▇ In ruling on the defendant's motion for a new trial which was denied, the court made an additional finding of fact that, "by a bare preponderance of the evidence" plaintiff and one Richardson had one act of sexual intercourse during the period of time the child "could have been conceived," to wit, on New Year's Eve 1954. The defendant contends that by reason of this finding that plaintiff was intimate with a man other than defendant during the possible period of conception the defendant was entitled to judgment as a matter of law. This we do not conceive to be the law. In 10 Corpus Juris Secundum at page 178 it is said: "Proof of connection with another man does not necessitate a finding for defendant and is merely a circumstance to be considered in determining the child's parentage." The fact of paternity is to be proven as any other fact by the preponderance of evidence. (*Estate of Young,* 132 Cal.App.2d 25, 29 [281 P.2d 368].) In *Pope* v. *Kincaid,* 99 W.Va. 677 [129 S.E. 752 at page 755] the court said: "Evidence that other persons had sexual intercourse with the complainant, at or near the time the child was begotten, would raise a doubt as to the paternity of the bastard child, but, if it appears by a preponderance of all the facts and circumstances in proof that the defendant was the father of the child, then a jury would be justified in so finding. [Citation.] The law, as we understand it to obtain in this state, was properly given to the jury in one of defendant's instructions to the effect that, if the jury believe from the

evidence thtat the prosecutrix had sexual intercourse with any other party or parties on or about the period of gestation, then the jury should take such acts of sexual intercourse into consideration in passing upon the paternity of the child of which the complainant was delivered, and as to whether or not some person other than the defendant is the father of said child.'' In *Hobson* v. *People* ex rel. *Annie M. Druhm*, 72 Ill.App. 436, the court states, at page 438: ''Evidence that other persons had sexual intercourse with the prosecutrix, at or near the time the child was begotten, would raise a doubt as to the paternity of the bastard child, but if it appears by a preponderance of all facts and circumstances in proof that he was the father of the child, then a jury would be justified in so finding.'' In support of his contention, defendant cites *Rose* v. *Tandowsky*, 80 Cal.App.2d 927 [183 P.2d 347], in which an instruction is quoted to the effect that the jury could not find for the plaintiff-mother unless satisfied by a preponderance of the evidence that the defendant had intercourse with her during the normal period of conception and that she did not have intercourse with any other man during such period. The plaintiff recovered a verdict in that case and it is clear from the decision on appeal that the court was not passing upon the latter part of the instruction referred to as a correct statement of the law but was only passing upon the defendant's contention that a prior instruction had the effect of removing from the jury's consideration the issue of plaintiff's relations with other men. In holding the two instructions were not in conflict, the court said, at page 931: ''By them the jury was advised to decide the case in accordance with the preponderance of evidence.'' Therefore we do not construe the Rose case as supporting the defendant's contention herein and are of the opinion that the above-cited cases correctly state the law applicable to the circumstances.

Defendant alludes to certain remarks made by the trial judge upon the hearing of the motion for new trial which, he contends, establish that the judgment herein was reached solely by guess, surmise or conjecture. ''The order denying the motion for a new trial merely recited that the appellant had moved for a new trial and ordered the same denied. It has frequently been held that the orders actually entered are the official pronouncements and that it is the orders themselves which are reviewable and not the reasons which the court may have given for its action. [Citations.]'' (*Broadfoot* v. *Leather Supply Co.*, 69 Cal.App.2d 729, 735 [160 P.2d

59].) ██ It is judicial action and not judicial reasoning or argument which is the subject of review (*Lincoln* v. *Superior Court*, 22 Cal.2d 304, 315 [139 P.2d 13]) and oral opinions or statements of the court may not be considered to reverse or impeach the final decision of the court which is conclusively merged in its findings and judgment. (*Birch* v. *Mahaney*, 137 Cal.App.2d 584, 588 [290 P.2d 579]; *Stone* v. *Los Angeles County Flood Control Dist.*, 81 Cal.App.2d 902, 907 [185 P.2d 396]; *DeCou* v. *Howell*, 190 Cal. 741, 751 [214 P. 444].)

Judgment affirmed.

Fox, Acting P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied February 11, 1958, and appellant's petition for a hearing by the Supreme Court was denied March 12, 1958. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.