[Civ. No. 19649.  First Dist., Div. One.  July 21, 1961.]

DELORES MULALLEY, Respondent, v. JAMES H. MULALLEY, Appellant.

Roy C. Hall for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith, John S. McInerny, Deputy Attorneys General, Thomas C. Lynch, District Attorney, and Alfred Del Carlo, Deputy District Attorney, for Respondent.

HOYT, J. pro tem.*—This proceeding was brought under the Uniform Reciprocal Enforcement of Support Act to compel appellant to support a child alleged to be the issue of his marriage to respondent. The appeal is from an order requiring appellant to support the child, made pursuant to a finding that the child is in need of and entitled to support from him.

The appellant, James Mulalley, and respondent, Delores Mulalley, were married in San Francisco in either June or

---

*Assigned by Chairman of Judicial Council.

November 1950. A son, Michael, was born in October 1951. Sometime later the parties separated, Delores moving with Michael to Seattle to live with her mother. From the time of the separation until 1958 appellant made support payments for the child and claimed him as a dependent son on his income tax returns. In 1956 another child, admittedly not appellant's, was born to Delores.

In 1958, appellant filed an action to annul his purported marriage to Delores on the ground that her marriage to him was bigamous. In March 1959, a judgment nullifying the marriage was rendered by the superior court in San Francisco. Soon thereafter, respondent petitioned in a Washington State court under the Uniform Reciprocal Enforcement of Support Act for the support of Michael. The cause came to be heard in the superior court in San Francisco. Appellant denied being the child's father. The court, in effect, adjudged him to be the father of Michael and ordered him to pay $50 a month for his support.

Appellant states that the issues presented on this appeal are "whether the Court committed reversible error in the following particulars: 1. Assuming that if the Court found that James Mulalley was not the father of Michael, that Michael would thereby be made illegitimate. 2. Refusing to consider the presumption of Civil Code Section 193 that 'All children born in wedlock are presumed to be legitimate.' "

In appellant's view the trial court's error stands proved by its statements during the hearing to the effect that appellant, to avoid support payments, was trying to make the child illegitimate. We do not agree. Evidence tending to establish the existence of a prior marriage consisted merely of the allegation of appellant that at the time of the marriage respondent was "married to another person and that said other person was and is still alive." Appellant also alleged that at the trial of the annulment proceeding he "introduced certain letters written by Delores Mulalley, the petitioner herein, wherein petitioner admitted that he was not the father of the child as alleged in her petition; . . ." Respondent by affidavit denied these allegations and alleged that the admissions in the letters used by appellant in obtaining the annulment decree related to her second child, not to the child whose paternity is herein questioned. At this point one would expect appellant to produce the letters, but he failed to produce or account for them. Under these circumstances, the trial court could well have maintained

serious doubts as to appellant's credibility. Thus the inference is at least equally great that the court considered the fact of a prior marriage not to have been established, and also that Michael was appellant's child. Its statements are consistent with this belief.

In his reply brief appellant takes care to point out that he seeks to have adjudged as prejudicial error not the court's alleged erroneous reasoning but its failure to apply the presumption of legitimacy. He maintains that the court was primarily concerned with resolving any question of fact in favor of the legitimacy of the child, and the gist of his contention is that had the presumption been applied as urged, it would not only have weighed as evidence in appellant's behalf, but would have rendered unnecessary the court's concern lest the child be deemed illegitimate.

The implications of this argument are devoid of merit. The issue before the court was clearly recognized by it to be one of paternity. Respondent's affidavit was to the effect that the parties were married in June 1950; that the child was the issue of that marriage conceived in San Francisco while the parties were living together and born in October 1951; that the parties lived together until January 1953 after which the respondent and the child moved to Seattle to live with her mother, where they have since continuously resided. Appellant testified that the parties lived together "roughly about a little over a year" and "a little longer than a year," separating, he believed, in 1952. This evidence was sufficient to support the trial court's conclusion notwithstanding other declarations of appellant concerning his lack of access. The trier of fact could well have decided that the preponderance of evidence supported its findings that the appellant was the child's father. It is settled that the remarks made by the trial judge during a trial or argument cannot be used to impeach a formal decision, order or judgment later made or entered. "Defendant alludes to certain remarks made by the trial judge upon the hearing of the motion for new trial which, he contends, establish that the judgment herein was reached solely by guess, surmise or conjecture. 'The order denying the motion for a new trial merely recited that the appellant had moved for a new trial and ordered the same denied. It has frequently been held that the orders actually entered are the official pronouncements and that it is the orders themselves which are reviewable and not the reasons which

the court may have given for its action. [Citations.]' [Citation.] It is judicial action and not judicial reasoning or argument which is the subject of review [citation] and oral opinions or statements of the court may not be considered to reverse or impeach the final decision of the court which is conclusively merged in its findings and judgment. [Citations.]'' (*Girardin* v. *Hall*, 156 Cal.App.2d 709, 712-713 [320 P.2d 163].)

The order is affirmed.

Tobriner, Acting P. J., and Duniway, J., concurred.