THE PEOPLE *ex rel.* NANCY BUCARO, Plaintiff-Appellee, *v.* WILLIAM JOHNSON, Defendant-Appellant.

(No. 56015; )

First District—November 15, 1972.

Clarence S. Lipnick, of Lipnick, Barsy & Joseph, and William J. Martin, both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Ronald F. Neville, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

On January 7, 1971, in the Circuit Court of Cook County, the defendant, William Johnson, was found to be the father of a child born out of wedlock to the complainant, Nancy Bucaro. He was ordered to pay $65 per month to the Illinois Department of Public Aid.

He appeals from the judgment, contending the court erred by denying him a jury trial, by denying his motion for a change of venue, by denying a motion for a continuance, by introducing into the record the results of the non-exculpating blood tests, by refusing to permit the defendant to testify as to the relatrix being in the company of other men, and by admitting hearsay evidence. He also contends he was not proven guilty by a preponderance of the evidence.

The complainant testified she began having sexual relations with the defendant in April of 1969. She testified they continued having intercourse in May, July, August and September of 1969 and once in January of 1970. The defendant testified they stopped having intercourse in May of 1969 except for the one occasion in January of 1970.

Nancy Bucaro gave birth to a child on May 13, 1970, and on October 9, 1970, she filed a complaint charging the defendant with being the father of the child.

On October 29, 1970, the defendant appeared and pleaded not guilty. The court asked if the defendant wanted a blood test and his attorney said he did. The court ordered the tests and continued the case to January 7, 1971.

On January 7, 1971, the court denied the defendant's request for a jury trial, denied a motion for a change of venue, and also denied a motion for a continuance. The case was then tried by the court without a jury.

The defendant's first contention is that he was denied his statutory right to a jury trial. Section 6 of the Paternity Act (Ill. Rev. Stat. 1969, ch. 106¾, sec. 56), provides in part:

> "At the time appointed for appearance and answer, the court shall cause an issue to be made up whether the person charged is the father of the child, which issue, upon demand of either the mother or the accused person, shall be tried by a jury."

Section 64 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, sec. 64), provides in part:

> "(1) A plaintiff desirous of a trial by jury must file a demand therefor with the clerk at the time the action is commenced. A defendant desirous of a trial by jury must file a demand therefor not later than the filing of his answer. Otherwise, the party waives a jury."

The facts in the instant case are similar to those in *People v. Stephens* (1971), (133 Ill.App.2d), 270 N.E.2d 212, where the court stated:

"The Civil Practice Act, which governs in paternity actions in the absence of any contrary statement in the Paternity Act itself (1967 Ill. Rev. Stat., ch. 106¾, sec. 64) does allow a late motion for a jury trial (1967 Ill. Rev. Stat., ch. 110, sec. 59; see, also, 1967 Ill. Rev. Stat., ch. 110A, Supreme Court Rule 183). Under both the statute and the rule, the motion will be granted but only for good cause shown. In addition, there must be notice to the other party, and the court need grant such motion only in its discretion. See, *e.g., Hudson v. Leverenz*, 10 Ill.2d 87, 139 N.E.2d 255.

In this case the motion for a jury demand was not made following notice to plaintiff, nor was good cause shown by the defendant. Indeed, in this instance no cause was shown at all. The trial court did not abuse its discretion when it denied a motion for a jury trial. The defendant had appeared five times before the trial court without making any demand for a jury trial. See *Trapani v. Trapani*, 109 Ill.App.2d 202, 248 N.E.2d 294."

■■ It is clear the demand for a jury trial should have been made on October 29, 1969, when he appeared and made his plea of not guilty. Because of his failure to do so at that time, he waived his right and the judge did not abuse his discretion when he denied the request on January 7, 1971. As stated in *Stephens v. Kasten* (1943), 383 Ill. 127:

"[T]he need for a systematic order of procedure requires that there be regulation of the time when the right to a jury trial be requested."

The defendant's next contention is that he was erroneously denied a right to a change of venue. Section 1 of the Venue Act (Ill. Rev. Stat. 1969, ch. 146, sec. 1) provides in part:

"Second—Where either party shall fear that he will not receive a fair trial in the court in which the suit or proceeding is pending, because the inhabitants of the county are or the judge is prejudiced against him, or the adverse party has an undue influence over the minds of the inhabitants. In any such case the venue shall not be changed except upon application, as hereinafter provided, or by consent of the parties."

Section 3 of the Venue Act provides:

"Every application for a change of venue shall be by petition, setting forth the cause of the application and praying a change of venue, which petition shall be verified by the affidavit of the applicant."

■■ The right to a change of venue is only absolute if the requirements of the statute are met (*Roherty v. Green* (1965), 57 Ill.App.2d 362), and, in the instant case, there was no petition filed and no grounds stated.

■■ Third, the defendant appeals from a denial of a motion for a continuance. Supreme Court Rule 231 (Ill. Rev. Stat. 1969, ch. 110A, Sup. Ct. Rule 231) states:

> "(a) Absence of Material Evidence. If either party applies for a continuance of a cause on account of the absence of material evidence, the motion shall be supported by the affidavit of the party so applying or his authorized agent. The affidavit shall show (1) that due diligence has been used to obtain the evidence, or the want of time to obtain it; (2) of what particular fact or facts the evidence consists; (3) if the evidence consists of the testimony of a witness, his place of residence or if his place of residence is not known, that due diligence has been used to ascertain it; and (4) that if further time is given the evidence can be procured."

In the instant case the motion was made orally, and there was no affidavit to indicate what testimony his absent witnesses would offer. The defendant did not comply with the rule, and we hold that denying the continuance was not an abuse of discretion.

■■ Fourth, the defendant contends the results of the non-exculpating blood tests were erroneously introduced into the record. Under Illinois law the results of blood tests are not admissible unless a definite exclusion of paternity is established. Ill. Rev. Stat. 1969, ch. 106¾, sec. 1.

The record shows the tests were not introduced into evidence, but the results were stated only "for the sake of the record":

> "MR. SIDLAVSKIS: The blood test results, State Exhibit Number One.
>
> THE COURT: Objection?
>
> MR. LIPNICK: Of course I object.
>
> THE COURT: What is the objection?
>
> MR. LIPNICK: It is not under the act. It is not admissible.
>
> THE COURT: Objection sustained.
>
> MR. SIDLAVSKIS: Your Honor—
>
> THE COURT: For the sake of the record, the court will advise everyone present that he has read the blood report issued by the Michael Reese Blood Center and it says he could be the father of the child. Does not say that he is not or could not be. For the sake of the record."

■■ This excerpt from the record shows the judge was aware of the inadmissible nature of the tests, but as a practical matter he had to be aware of the results of the tests before he could make the proper ruling.

It is well settled that when the judge is the trier of facts it will be presumed that he considered only admissible evidence in reaching his decision. (*People v. Quinn* (1971), 2 Ill.App.3d 341, 276 N.E.2d 379; *People v. DeGroot* (1969), 108 Ill.App.2d 1.) Furthermore, at the conclusion of the testimony and arguments, the judge specifically stated he made his determination based on his belief of the relatrix.

Fifth, the defendant maintains the court erred in refusing to permit the defendant to testify to the complainant's relationship with other men. He relies on the case of *Maynard v. People* (1890), 135 Ill. 416. In that case a defense witness was prevented from testifying he saw the complainant out late at night with men and boys during the month when conception occurred. The court reasoned that any circumstance tending to show that her pregnancy was caused by someone other than the defendant was admissible. However, in that case, another witness had already testified he did have intercourse with the complainant during the period in question, thus indicating the disposition of the complainant to have sexual intercourse.

■■ In *People v. Kirk* (1921), 223 Ill.App. 362, the court stated the applicable rule on admissibility:

> "* * * as we understand the rule of evidence, two things must concur before such proof is admissible: First, the opportunity, and second, the disposition to have sexual intercourse together. The proof offered might have shown the opportunity, but there was no proof of the lascivious propensity of any of the men she is said to have been out with after dark; neither is there any proof that the prosecuting witness had any disposition to have promiscuous illicit relation with other men or any other man than the defendant. Under all the circumstances it was not error to exclude the offered testimony."

Similarly, in the case at bar there was no evidence the relatrix had a sexual relationship with any man other than the defendant. In fact, there was testimony that she had not been seen with any other man during the period in question.

Next, the defendant claims the following testimony of a friend of the relatrix constituted hearsay:

> "MR. SIDLAVSKIS: Q. Now, when did you first learn that your friend was pregnant?
> MR. LIPNICK: I will object to that.
> THE COURT: When did you first learn what?
> MR. SIDLAVSKIS: About the complainant's pregnancy.
> THE COURT: She may answer if she knows.
> WITNESS: When she went to the doctor and the doctor told her."

■■ The defendant contends a plaintiff's witness should not be allowed to testify to hearsay statements regarding self-serving declarations by the plaintiff over defense objections. This argument is not persuasive because the fact of complainant's pregnancy is not controverted, and the question and answer constitute harmless error.

Finally, the defendant claims his guilt was not established by a preponderance of the evidence. The relatrix stated she had intercourse with the defendant during July, August and September of 1969. She stated when she informed him she was pregnant, he discussed supporting the child and gave her ten dollars.

After the child was born he visited her and the child once a week until the end of October, 1970. Mary Jaeger, a friend of the relatrix was present during some of these visits. She testified she saw the defendant playing with the child and once asked him if he wanted to hold his daughter, and he answered "Yes."

The defendant denied having intercourse with the relatrix after May of 1969 and said he visited her and gave her money because he felt sorry for her.

■■ At the conclusion of the evidence and arguments, the court stated it "must believe the relatrix." In a proceeding under the Paternity Act, guilt is determined by a preponderance of the evidence. (*People v. Rimicci* (1968), 97 Ill.App.2d 470.) "The finding of a Trial Court is entitled to the same weight as the verdict of a jury * * * and this court cannot say the finding is against the manifest weight of the evidence." (*People ex rel. Jones v. Schmitt* (1968), 101 Ill.App.2d 183.) After reading the record in the instant case, this court cannot say the finding is against the manifest weight of the evidence.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.