Mrs. Bertha B. TAYLOR, Individually and on behalf of her minor children, Evelyn A., Floyd P., and Linda A. Taylor

v.

Elliott L. RICHARDSON, Secretary of Health, Education & Welfare.

Civ. A. No. 71–400.

United States District Court, M. D. Louisiana.

Feb. 6, 1973.

Doris Falkenheiner, Legal Aid Society of Baton Rouge, Baton Rouge, La., for plaintiff.

Douglas M. Gonzales, U. S. Atty., Baton Rouge, La., for defendant.

E. GORDON WEST, District Judge:

This is a suit by the plaintiff, Mrs. Bertha B. Taylor, against the Secretary of Health, Education, and Welfare under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary denying her claim for mother's insurance benefits under section 202(g) of the Act, 42 U.S. C. § 402(g), and for child's insurance benefits on behalf of her children, Evelyn A. Taylor, Floyd P. Taylor, and Linda A. Taylor, under section 202(d) of the Act, 42 U.S.C. § 402(d). These claims were based upon the social security earning record of Aaron Lee Taylor, who died domiciled in California.

The deceased wage earner and the plaintiff were married in Baton Rouge, Louisiana, in 1940. They moved to California in 1943 and there had three children. Somewhere between 1946 and 1949 the plaintiff left her husband in California and returned to Louisiana. She never returned to California. Except for an alleged short visit to Baton Rouge in 1956, it is generally agreed that the wage earner never left California. The plaintiff and the wage earner were never divorced or legally separated. While living in Baton Rouge, the plain-

tiff gave birth to three other children: Evelyn Taylor, born May 8, 1951; Floyd Taylor, born September 2, 1952; and Linda Taylor, born June 28, 1957. The plaintiff admitted that the two older of these children were not fathered by the wage earner, but she claims that Linda was conceived while the wage earner was in Baton Rouge in 1956. She nevertheless filed application for benefits on behalf of all three children.

Section 216(h)(2)(A), 42 U.S.C. § 416 (h)(2) provides:

"In determining whether an applicant is the child * * * of a fully or currently insured individual for purposes of this title, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property, * * * if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death. * * * *"

Since the wage earner died domiciled in California, it is the law of that State which must be applied to determine whether or not these children qualify for benefits under the Act. The Secretary denied the application on the basis that none of the three children qualified, under California law, as the "child" of the deceased wage earner. The plaintiff maintains that the Secretary's decision was based upon an improper application of the law of California. Despite her frank admission that two of the children were fathered by "a friend," she still argues that all of the children should be regarded as legitimate children by virtue of the fact that they were born during the existence of a valid marriage. The purpose of this review is to determine whether or not the Secretary's decision was based upon a proper interpretation of California law, and if so, whether or not his final decision to deny benefits is supported by substantial evidence.

The pertinent provisions of California law are contained in the following sections of the California Evidence Code (West's Annotated California Codes):

"§ 621. Legitimacy. Notwithstanding any other provision of law, the issue of a wife cohabiting with her husband, who is not impotent, is conclusively presumed to be legitimate."

"§ 661. Legitimacy. A child of a woman who is or has been married, born during the marriage or within 300 days after the dissolution thereof, is presumed to be a legitimate child of that marriage. This presumption may be disputed only by the people of the State of California in a criminal action brought under Section 270 of the Penal Code or by the husband or wife, or the descendant of one or both of them. In a civil action, this presumption may be rebutted only by clear and convincing proof."

■ It is clear that in order for the *conclusive* presumption of § 621 to operate, the husband and wife must be "cohabiting." That section of California law has been held inapplicable to a situation where the man and woman are not living together ostensibly as husband and wife. Kusior v. Silver, 54 Cal.2d 603, 7 Cal.Rptr. 129, 354 P.2d 657 (1960); Jackson v. Jackson, 67 Cal.2d 245, 60 Cal.Rptr. 649, 430 P.2d 289 (1967); S. D. W. v. Holden, 275 Cal.App. 2d 313, 80 Cal.Rptr. 269 (1969). There is more than ample evidence to support the conclusion that the plaintiff and the wage earner were not living together when the children in question were conceived and therefore there is no conclusive presumption under § 621 that they are legitimate children of the marriage.

But even when the husband and wife are not living together, § 661 raises a presumption that children born during the marriage are legitimate. However, that section also provides that the "presumption may be disputed only by the people of the State of California in a criminal action brought under Section 270 [criminal non-support] of the Penal Code or by the husband or wife, or the

descendant of one or both of them," and it further provides that "in a civil action, this presumption may be rebutted" by "clear and convincing proof." So it is merely a rebuttable presumption that is provided for in § 661. The plaintiff recognizes this, but argues that the presumption may be rebutted only in appropriate California proceedings, and only by the parties who are listed as being entitled to take advantage of the right to rebut. She maintains that this is not a proper proceeding in which to raise the issue, and that the Secretary is not one of the persons authorized by the statute to dispute the presumption.

The plaintiff's contentions are without merit. In the first place, § 661 above quoted specifically provides that in civil cases, the presumption of legitimacy therein provided for may be rebutted by clear and convincing proof. It does not limit those who may rebut that presumption in civil actions as it does in criminal actions. We are dealing here with a civil action and hence there can be no question but what the issue of legitimacy may be raised by any person at interest. But even were we to assume that the California statute limited the right to raise that issue to those specifically enumerated therein, this would still not preclude the Secretary from raising the issue. The provisions of the Federal Statute, 42 U.S.C. § 416(h)(2) supersedes California law if that becomes necessary. Under that Federal Statute, the Secretary is *required* to determine whether or not the applicant is a "child" for the purpose of the Federal Social Security Act by applying "such law as would be applied in determining the devolution of intestate personal property * * * if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death. * * * *" 42 U.S.C.A. § 416(h)(2). It is therefore the duty of the Secretary to determine whether or not these applicants are qualified to receive benefits under the Social Security Act, and to do so he must determine what the courts of California would do

if an action were properly brought in California, under California law, to determine who would inherit the intestate personal property of the deceased wage earner. This the Secretary did and he concluded, properly we think, that these children would not be considered the children of the deceased for inheritance purposes. The plaintiff simply contends that because the issue was not raised in the courts of California, it cannot be raised now by the Secretary. We do not agree. Plaintiff does not dispute the fact that had the issue been raised in a court of the State of California, these children would not have been held entitled to inherit from the deceased. She simply says the Secretary has no right to raise the issue. We have no doubt but that the Secretary is given the right to raise the issue of legitimacy by both the state and federal statutes hereinbefore quoted. The issue of legitimacy is automatically raised when the application for benefits is made. The Secretary has the duty to determine if the applicant qualifies for the benefits sought. In the instant case this requires that the children either be legitimate children of the wage earner, or that they belong to a certain classification of his illegitimate children. The Secretary determined that they did not meet the requirements for benefits.

It having been determined that the question of legitimacy could be rebutted under California law, and that the Secretary of Health, Education, and Welfare did have a right and a duty to question the legitimacy of these children, the remaining issue is whether his decision that these children do not qualify for benefits is supported by substantial evidence.

The great weight of the evidence supports the finding that these were not the children of the wage earner. The plaintiff herself admits that two of the children were fathered by a friend. The wage earner's brother stated that the plaintiff never returned to California, and that the wage earner never left California during the period of time in ques-

tion. In In Re Young's Estate, 132 Cal. App.2d 25, 281 P.2d 368, 371 (1955), a California court noted that the presumption of paternity "may be removed by proper and sufficient evidence showing that the husband, though not impotent, was 'entirely absent at the period during which the child must, in the course of nature, have been begotten.'" The Secretary was within reason to conclude from the evidence before him that the wage earner had·no access to the plaintiff during the period when the children were conceived and therefore could not be their father. The plaintiff claims that the wage earner did visit her in Baton Rouge for a week in 1956 and that he fathered Linda. She alleges that the conflicting statement of the brother should be disregarded because of her relationship with him.

> "Harold wouldn't say a good word for me for nothing in the world. Because we've been fighting ever since I've been knowing him . . . Harold and I have been fighting." (Tr. 83)

The plaintiff also alleged that the brother, Harold, is "mindly disturbed" and would not have known if the wage earner left California and visited her. Other than the plaintiff's self-serving testimony there is no evidence of such a visit. No friends, neighbors, or relatives saw him in Baton Rouge. Plaintiff gave varying reasons why he had not been seen. On one occasion she stated that he never returned to Baton Rouge at all, but later said that she had not mentioned the visit because she was confused and did not realize the importance of her statement. She later stated that he was in Baton Rouge, but that he wanted no one to see him because he was in trouble with the police; on another occasion she stated that it was because some people wanted to kill him because of money he owed; on still another occasion she stated that she kept the visit secret because "I did not want the welfare department to know as I did not want to lose my welfare benefits."

There is also little evidence offered that these children were acknowledged by the wage earner. The only evidence of a written acknowledgment is the second page of a letter which reads "Please give my love to Ronnie, Evylyn, Floyd and the Baby." There is no indication of when the letter was written or to whom it was addressed. The only other evidence is the plaintiff's testimony that the wage earner regarded the children "just like his own." None of the evidence offered is sufficient to be an acknowledgment of the children enabling them to qualify for benefits under the Act. No support payments were made, nor did the children live with the wage earner. Therefore the children do not qualify for benefits under 216(h)(3) or 216(h)(3)(C)(ii) of the Act, 42 U.S.C. §§ 416(h)(3) and 416(h)(3)(C)(ii).

The District Court's role in the review of the Secretary's decision is limited. The Secretary is to resolve conflicts in evidence and inferences therefrom which may exist. Brown v. Finch, Finch, 425 F.2d 687 (C.A.5–1970); Richardson v. Richardson, 437 F.2d 109 (C.A.5–1970). It is also settled that the Secretary need not accept self-serving statements of the involved party, particularly where they are in conflict with other evidence of record. Labee v. Cohen, 408 F.2d 998 (C.A.5–1969); Reyes Robles v. Finch, 409 F.2d 84 (C.A.1–1969). The finding of any fact by the Secretary, if supported by substantial evidence, is conclusive. 42 U.S.C. § 405 (g). A review of the Secretary's decision by a Federal District Court is not a trial de novo. The function of this Court is to decide whether or not there is substantial evidence in the record as a whole to support the Secretary's findings. Goodman v. Richardson, 448 F.2d 388 (C.A.5–1971); Brown v. Finch, supra. If the final decision is supported by substantial evidence it must be affirmed even if there is also substantial evidence in the record which might have supported a finding in favor of the claimant. Grant v. Richardson, 445 F.2d 656 (C.A.5–1971).

**18**

There is substantial evidence that these children were not fathered by the deceased wage earner, and that they do not qualify as legitimate children for inheritance purposes under the laws of the State of California, and this Court concludes that there is, indeed, substantial evidence to support the judgment of the Secretary that the plaintiffs are not entitled to benefits under the Social Security Act.

It having been decided that these are not children of the wage earner, it also follows that the plaintiff does not qualify for mother's insurance benefits because one of the requirements for such benefits is that the applicant have in her care a child of the deceased wage earner entitled to child's insurance benefits. 42 U.S.C. 402(g)(1)(E).

For these reasons, the Government's motion for summary judgment dismissing this suit will be granted and judgment will be entered accordingly.