KENNETH E. TURNER, TONDELAYO TURNER, SHANIN SAKA AND DAVID MANUEL SAKA, APPELLANTS, v. ELIAS SAKA, RESPONDENT.

No. 8057

February 20, 1976                    546 P.2d 233

---

*Peter L. Flangas,* Las Vegas, for Appellant.

*Robert N. Peccole,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Following our decision in Turner v. Saka, 90 Nev. 54, 518 P.2d 608 (1974), appellant Kenneth Turner sought to adopt his wife's two "illegitimate" children, Shanin and David Saka. Appellant Tondelayo Turner, the children's natural mother, joined in his petition and consented pursuant to NRS 127.030[1] and 127.040(1)(c).[2] After receiving notice of the pending adoption, respondent Elias Saka, the children's natural father, petitioned to establish his parental relation under NRS 41.530(1).[3] The district court consolidated the proceedings and, there being no dispute as to respondent Saka's paternity, the district court granted his petition, and thereupon denied appellants' petition because Saka had not consented to the adoption as required by NRS 127.040(1)(c). Appellants here contend paternity alone is insufficient to justify declaring the parental relationship established, absent proof that it is in the best interests of the children. We disagree.

---

[1]NRS 127.030 provides:

"Any adult person or any two persons married to each other may petition the district court of any county in this state for leave to adopt a child. The petition by a person having a husband or wife shall not be granted unless the husband or wife consents thereto and joins therein."

[2]NRS 127.040(1)(c) provides:

"1. Written consent to the specific adoption proposed by the petition or for relinquishment to an agency authorized under NRS 127.050, duly acknowledged by the person or persons consenting, shall be required from:

(c) The mother only of a child born out of wedlock except that if parental rights have been established in a court of competent jurisdiction by the father of such a child, pursuant to NRS 41.530, his consent shall be required. . . ."

[3]NRS 41.530(1) provides:

"1. An action may be brought for the purpose of having declared the existence or nonexistence between the parties of the relation of parent and child, by birth or adoption."

We are not here concerned with whether a petition to terminate Saka's parental rights would lie. None has yet been filed. See: NRS 128.010 et seq. On the pleadings before it, the district court was only called upon to determine existence of the parental relationship under NRS 41.530. For that purpose, by the statute's express words, proof of paternity alone seems sufficient. Cf. Huntingdon v. Crowley, 51 Cal.Rptr. 254, 414 P.2d 382 (1966); Girardin v. Hall, 320 P.2d 163 (Cal.App. 1958); Felts v. Betts, 315 P.2d 73 (Cal.App. 1957).

Affirmed.