THE PEOPLE *ex rel.* SHARON MEHORCZYK, Plaintiff-Appellant, v. RICK W. KELLEY, Defendant-Appellee.

First District (3rd Division)   No. 83—2955

Opinion filed November 6, 1985.

Richard M. Daley, State's Attorney, of Chicago (Dennis J. Da Prato, Assistant State's Attorney), for appellant.

No brief filed for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

On June 29, 1981, complainant Sharon Mehorczyk gave birth to a baby girl after a full term pregnancy. On September 13, 1981, she commenced this paternity action pursuant to the Illinois Paternity Act (Ill. Rev. Stat. 1981, ch. 40, par. 1351 *et seq.*), charging Rick W. Kelley with fathering the child born to her out of wedlock. Kelley entered his appearance and filed a jury demand on December 9, 1981.

After a jury trial, the court entered judgment against Mehorczyk and thereafter denied her motion for a new trial. From these orders complainant appeals charging that the trial court abused its discretion in: (1) allowing the action to proceed before a jury; (2) allowing into evidence irrelevant and prejudicial testimony; (3) wrongfully revising complainant's motion *in limine*, thus prejudicing her case; and (4) refusing three instructions submitted by complainant.

First we address the issue of the court's revision of complainant's motion *in limine*. On June 21, 1983, plaintiff filed a written motion *in limine* requesting an order by the court to preclude defendant from eliciting testimony and/or mentioning or commenting on the following:

"a. That the [complainant] was engaging in sexual relations with other men besides the defendant outside the period of possible conception August-October 1980;

b. That the [complainant] is a woman of loose moral character;

c. That the reputation of the [complainant], as regarding chastity, is very low in the community."

The trial court granted complainant's motion *in limine*. However, a day after the trial had commenced, the trial court, over complainant's objection, revised its order and allowed defendant to question complainant as to her relations with other men during the entire year of 1980.

Complainant maintains the trial court erred in allowing defendant's attorney to question her about her relations with other men outside the possible period of conception because that evidence had no probative value on the issue of paternity and was highly prejudicial to her right to a fair trial. We agree.

■ It has long been the law of this State that in paternity proceedings it is competent for the defendant to introduce evidence to show that the relatrix had intercourse with other men, but such evidence must be limited to the period of time within which, in the course of nature, the child could have been begotten. (*People ex rel. Chaney v. Preston* (1914), 188 Ill. App. 93; *People ex rel. Bucaro v.*

*Johnson* (1972), 8 Ill. App. 3d 618, 291 N.E.2d 9.) Evidence regarding the relatrix' sexual activity outside the period of conception had no rational bearing on the issue of paternity, and the trial court erred in permitting defense counsel to cross-examine her on that subject.

██ Similarly, the testimony of defendant's mother, Mrs. Sandra Kelley, regarding complainant's conduct and unchaste behavior in the community should have been excluded. Mrs. Kelley testified that she saw complainant engaging in intercourse with her son, the defendant, at Mrs. Kelley's home and that she told complainant to leave and never to return. She testified further:

> "MRS. KELLEY: I saw her about a week or so later [after seeing her with her son]. Somebody was carrying her down the alley like she was a baby, they were kissing and laughing down the alley by the shop where I work.
>
> MR. DIRKSEN (defendant's counsel): Did you see her any other time?
>
> MRS. KELLEY: The very next day after that she was on the corner. I don't know if it was the same young man, kissing him on the corner, and that was all within the same week."

██ Proof of acts of impropriety or other conduct on the part of the relatrix, having no relation to the issue of paternity, is incompetent (*People ex rel. Bucaro v. Johnson* (1972), 8 Ill. App. 3d 618), and the fact that the relatrix is an unchaste woman is not a defense in a paternity proceeding. (*Hobson v. People ex rel. Druhm* (1897), 72 Ill. App. 436.) In the instant case, the purpose of eliciting such testimony was to besmirch complainant's character, to have the jury infer that complainant possibly had intercourse with other men, and to have the jury speculate as to who the father was without proof thereof. This type of testimony is inadmissible where there is no proof that the intercourse actually occurred. (*People ex rel. Bucaro v. Johnson* (1972), 8 Ill. App. 3d 618; *People ex rel. DeCamp v. Kirk* (1921), 223 Ill. App. 263.) Complainant testified that she neither dated nor engaged in sexual intercourse with men other than defendant during the period of conception. Nor did defendant present testimony of men who swore they had sexual intercourse with her. (*People ex rel. DeCamp v. Kirk* (1921), 223 Ill. App. 362.) Under these circumstances, it was reversible error for the trial court to allow that testimony or any similar testimony into evidence.

This error alone is sufficient to require reversal of the trial court's finding; however, since we are remanding this matter, we address the question of whether the trial court should have allowed the action to proceed before a jury. Complainant raised this issue prior to the trial

and in her post-trial motion for a new trial. Here, complainant charges that the trial court erred in allowing this action to proceed before a jury when defendant failed to pay the appropriate jury fee at the time of filing his jury demand. In support of her position, complainant cites section 27.2(14)(b) of "An Act to revise the law in relation to clerks of courts" (Ill. Rev. Stat. 1981, ch. 25, par. 27.2(14)(b)), which provides in pertinent part:

> "*** The jury fee *shall* be paid by the party demanding a jury at the time of filing his jury demand. If such fee is not paid by either party, no jury *shall* be called in the action, suit or proceeding, and the same shall be tried by the court without a jury." (Emphasis added.)

The statute states that the jury fee "shall be" paid at the time of filing the jury demand. The use of the word "shall" is generally regarded as mandatory. (*Fogliano v. Fogliano* (1983), 113 Ill. App. 3d 1018, 448 N.E.2d 245.) We believe the purpose and object of section 27.2(14)(b) is to provide a method by which the courts with crowded dockets may be advised in advance of trial whether or not the cause is to be heard by a jury in order that court business may be dispatched in a prompt and orderly fashion. (*Hunt v. Rosenbaum Grain Corp.* (1934), 355 Ill. 504, 189 N.E. 907.) In *Hunt*, our supreme court upheld the trial court's refusal to accept a late jury fee where "[n]o reasonable excuse [was] shown for the failure to pay the jury fee at the time the statute provides." 355 Ill. 504, 512.

In the instant case, defendant tendered the jury fee 19 months after filing his appearance and jury demand without showing any excuse for the late payment. The trial court accepted defendant's payment in open court and allowed the trial to proceed before a jury. In view of the express words of section 27.2(14)(b), we deem the trial court's action error. The trial should have proceeded without a jury, and none should be available on remand.

For error in allowing incompetent and prejudicial testimony into evidence, we reverse the judgment and remand the case to the circuit court.

Reversed and remanded.

McNAMARA and McGILLICUDDY, JJ., concur.